T. J. OVERSTREET, AND ROCK ISLAND IMPLEMENT COMPANY, a corporation; v. CITIZENS BANK, a corporation.

(Filed February 5, 1903.)

1. EVIDENCE—Verdict, Will Not be Disturbed, When. Where fraud is relied upon as the basis for equitable relief, and the trial court, after hearing the evidence, finds that fraud has not been established, the appellate court will not disturb such finding, unless it is clearly against the weight of evidence.

2. CORPORATIONS—Consolidation Must be Authorized by Law. Corporations cannot consolidate without authority of law, and there was no law in this territory at the time of doing the acts complained of, authorizing banking corporations to merge or consolidate.

3. ACTION—Equity Will Not Lie When There is Adequate Remedy at Law. Where a banking corporation borrows money from another bank for the purpose of paying its depositors, and hypothecates its notes and credits as collateral security for such loan, a suit in equity is not the proper proceeding by an unsecured creditor of such debtor bank to reach said collaterals in the hands of the creditor bank. The statute provides a plain, ample and adequate remedy in such cases.

4. BANKS—Liquidation, Procedure. A banking corporation desiring to quit business may transfer its depositors' accounts to another bank and may borrow money from such other bank to pay its depositors, and may pledge its assets as security for the money so borrowed, and such action is not a consolidation or merger, nor does it release the first bank from liability, nor render the second liable to the other creditors of the first bank.

5. DEBT—Collateral Security—Law Governing. Where one creditor holds collateral security for payment of his claim, a release or return of a portion of the collaterals to the debtor, or permission to apply a portion of the proceeds of such collaterals to other bona fide debts of the debtor, is, in neither case, if done in good faith, such a misuse of such collaterals as will render the holder liable to other creditors for the value of such collaterals.

**6. ACTION—Theory In Lower Court· Obtains In Supreme Court.** Where a party brings his suit in equity, alleging certain specific grounds for relief, and tries the case upon such theory, and is defeated, he will not be permitted to switch and try his case upon a different theory in the supreme court, although it may appear that he is entitled to some relief in an action at law.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before Clinton F. Irwin, Trial Judge.*

*Newell & Jackson, J. F. Sharp,* and *J. A. Guthrie,* for plaintiffs in error.

*C. L. Botsford,* and *T. G. Chambers,* for defendant in error.

Opinion of the court by

BURFORD C. J.:   This is a suit in equity brought by the plaintiffs in error as judgment creditors of a suspended banking corporation against the defendant in error, also a banking corporation, to recover judgment for the value of certain assets transferred by the suspended bank to the defendant in error.

The issues involved and the theories upon which the case was tried are disclosed by the pleadings, which consist of the petition, answer and reply, and, omitting captions, are as follows:

"PETITION.

"Comes now the above named plaintiffs, and, after first having obtained leave of court, file this, their second amended petition, and for their cause of action against the defendant, aver and allege that said plaintiff, Rock Island Implement company, is now, and was at all the times and dates herein

mentioned, a corporation duly created, organized and existing under and by virtue of the laws of the state of Missouri.

"That the defendant at all the times hereinafter mentioned, was and is now, a corporation duly created, organized and existing under the laws of the territory of Oklahoma for the purpose of carrying on a general banking business, and that it has always been and is now engaged in carrying on such business with its office in the town of Norman, Oklahoma Territory.

"That on the 16th day of January, 1896, the Farmers and Merchants bank of Norman, Oklahoma, was, and for a long time prior thereto had been, a corporation created and existing under and by virtue of the laws of Oklahoma Territory, for the purpose of doing a general banking business, with its office in said town of Norman.

"That on said 16th day of January, 1896, the said Farmers and Merchants bank was largely indebted to plaintiffs herein, and being so indebted, the said Farmers and Merchants bank did, on to-wit: said 16th day of January, 1896, turn over and deliver to this defendant its entire corporate assets, with the intention of ceasing its exercise of its corporate franchise, and said Farmers and Merchants bank on said day and date abandoned its aforesaid business and the purpose of its corporation, and has ever since failed to resume the same.

"That the assets of the said Farmers and Merchants bank so delivered to this defendant, consisted of the following described property, to-wit: cash amounting to the sum of eight thousand dollars; notes, accounts, bills payable amounting to the sum of twenty thousand dollars, and banking furniture, fixtures and real estate of the value of two thousand, eight hundred dollars; in all, assets, including such cash of at least the value of, to-wit: thirty thousand and eight hundred dollars.

"That said assets of said Farmers and Merchants bank were so turned over and delivered to said defendant the Citizens bank and were so absorbed by said defendant Citizens bank in direct violation of the rights of the various creditors of the Farmers and Merchants bank, including these plaintiffs.

"Plaintiffs further aver that said defendant Citizens bank received, accepted, and absorbed said assets of said Farmers and Merchants bank as aforesaid with notice of the indebtedness due from the said Farmers and Merchants bank to plaintiffs herein and upon which their respective judgments hereinafter mentioned were afterward obtained and rendered in this honorable court.

"Plaintiffs further aver that said assets of said Farmers and Merchants bank were turned over, conveyed and delivered to said defendant Citizens bank without any consideration whatever other than an agreement between the officers and stockholders in the said Farmers and Merchants bank and the officers and stockholders in the Citizens bank whereby the defendant Citizens bank issued to the stockholders in said Farmers and Merchants bank stock in said defendant Citizens bank in lieu of their stock so held in the said Farmers and Merchants bank.

"Plaintiffs state that the amount of said stock so issued by the said defendant Citizens bank to said stockholders in said Farmers and Merchants bank is to plaintiffs unknown, but charge that the same was sufficient to fully pay off and discharge the indebtedness of said Farmers and Merchants bank to plaintiffs herein.

"Plaintiffs further state that by reason of the foregoing action on the part of the officers and stockholders in said Farmers and Merchants bank and the defendant Citizens bank, the said Farmers and Merchants bank thereby became merged into, absorbed by and consolidated with said defend-

ant Citizens bank, and that the same was in direct violation of the rights of the creditors of said Farmers and Merchants bank, including these plaintiffs.

"Plaintiffs further allege that said assets being so surrendered and transferred to the defendant, have been ever since the said 16th day of January, 1896, charged with a trust for the benefit of plaintiffs creditors of said Farmers and Merchants bank; that defendant thereby became the trustee of an implied trust for the purpose of collecting said notes and accounts and bills payable, selling said furniture and real estate, and with the proceeds thereof, together with said cash, pay off and discharge the indebtedness of said Farmers and Merchants bank to its various creditors, including plaintiffs, to the extent of the assets and funds by it received or derived therefrom in the course of business.

"Plaintiffs state that they are not informed and have no means of procuring information as to the exact nature of the transaction by which the defendant Citizens bank succeeded to or otherwise acquired possession of the assets of the Farmers and Merchants bank, and they are, therefore, unable to plead more fully, but charge that by whatever means said assets were so received, the same are liable as a trust fund in equity for the payment of the debts of said Farmers and Merchants bank, including the judgments heretofore rendered in favor of the plaintiffs herein.

"Plaintiffs allege that said defendant has realized a large amount from said assets, but just how much plaintiffs are unable to say; and that said defendant refuses to render an account thereof to said plaintiffs, or either of them, although demanded and requested so to do, but claims to be the owner of all such sums and of all the property so delivered to it as aforesaid, and denies that plaintiffs have any interest therein, and has converted and appropriated all of said assets to its own use and benefit.

"The plaintiff, T. J. Overstreet, states that on the 22nd day of May, 1897, in the district court in and for Cleveland county, Territory of Oklahoma, the same being one of the days of the regular April, 1897, term thereof, judgment was rendered in favor of said plaintiff, T. J. Overstreet, against the said Farmers and Merchants bank on account of its aforesaid indebtedness to said plaintiff, T. J. Overstreet, in the sum of three thousand, five hundred and sixty and seventy-four one-hundredth dollars, which judgment bears interest at the rate of seven per cent per annum from the date of the rendition thereof.

"That an execution was thereafter duly and regularly issued on said judgment and directed and delivered to the sheriff of said Cleveland county for execution, and that afterward, to-wit: On the 14th day of February, 1898, said sheriff duly and regularly returned and filed said execution into the office of the clerk of said court, with the following indorsements thereon: 'Nothing found.'

"That the costs of said judgment and execution amount to the sum of eighty-seven and forty-five one-hundredths dollars.

"That the plaintiff, Rock Island Implement company, further states that on the 12th day of December, 1896, in the district court of Cleveland county, Territory of Oklahoma, the same being one of the regular days of the November term thereof, judgment was rendered in favor of the plaintiff, Rock Island Implement company, against the Farmers and Merchants bank on account of its aforesaid indebtedness to this plaintiff in the sum of fifteen hundred and fifty-one dollars and sixty cents with interest thereon at the rate of ten per cent. per annum from date of rendition.

"That an execution was thereafter duly and regularly issued on said judgment directed and delivered to the sheriff of said Cleveland county for execution, and that thereafter

on the 13th day of September, 1897, said sheriff duly and regularly returned to the office of said court said execution with the following indorsements thereon: 'Nothing found.'

"That the costs on said execution and judgment amount to nine dollars and ninety-five cents.

"Plaintiffs further state that the said Farmers and Merchants bank has no property now and did not have January 16, 1896, or at any time since, liable to sale on execution other than that embraced in the transfer and assignment to the defendant, and that unless the jurisdiction of a court of equity can be invoked and said assets reached and applied to the payment of said judgments, the same must remain wholly unpaid.

"Wherefore, plaintiffs pray judgment:

"1. That the transfer of the assets of the Farmers and Merchants bank to the defendant may be adjudged fraudulent and void as against plaintiffs.

"2. That a receiver may be appointed to take possession of the property received by the defendant from the Farmers and Merchants bank, as well as for the proceeds and profits thereof.

"3. That the defendant be adjudged to account for all property, including said eight thousand dollars in cash received by it under the transfer or assignment aforesaid, and for all proceeds arising from the sales and collections, and deliver the same to such receiver.

"4. That the said receiver be directed to sell said property, or so much thereof as may be necessary, and to pay out of the proceeds thereof, or out of the other funds coming to his hands, the judgments of the plaintiffs aforesaid, and the costs and expenses of this action, and hold the balance subject to the further orders of the court; or, that in the event it is deemed by the court that the services of a receiver are unnec-

essary then that the defendant be directed and ordered to turn all assets received by it from the Farmers and Merchants bank into court, that the same may be administered upon as a trust fund for the payment of the debts of the Farmers and Merchants bank, and for the judgments of the plaintiffs in this action, together with all costs of suit.

"And in the event that such assets are not turned over to a receiver, if one be appointed, or turned into court, that then plaintiffs have judgment against said defendant to the extent of the assets received by it from the Farmers and Merchants bank, not to exceed, however, the amount of plaintiff's judgment and all costs of suit, and that such other and further relief be granted plaintiffs as is adapted to the nature of their case, and is agreeable to equity and good conscience."

"ANSWER.

"Now comes the defendant Citizens Bank of Norman, and for its answer to the second amended petition of plaintiffs says:

"1. For a first defense: That it denies each allegation and averment in said amended petition contained.

"2. For a second and further defense: The said defendant avers that the said Farmers and Merchants bank was on or about the 16th day of January, 1896, largely indebted to said defendant, to-wit: In the sum of nine thousand, thirty-seven and ninety-one hundredths dollars, ($9,037.90) for money loaned, which drew interest at the rate of seven per cent per annum, for which amount said Farmers and Merchants bank duly executed and delivered to said defendant its promissory note. That the said Farmers and Merchants bank transferred and delivered to said defendant promissory notes by it held against divers persons as collateral security for the payment of said loan, the face value of which promissory notes this defendant is unable to state, but defendant denies that the

same amounted to the sum of twenty thousand dollars, and said defendant avers that the real value thereof was considerably less than said sum. And as further security for said loan, said Farmers and Merchants bank transferred to defendant certain bank furniture and fixtures in its possession which was of the value not to exceed the sum of five hundred and seventy-five dollars, ($575.)

"Defendant further states that it has only been able to collect and realize from said promissory notes so held by it as collateral the sum of seven thousand five hundred eighty-three and seventy-six one-hundredths dollars, ($7,583.76), and that it sold said bank furniture and fixtures for the sum of five hundred and seventy-five dollars, the total sum of money realized and received by said defendant out of the said securities being the sum of eight thousand one hundred fifty-eight and seventy-six one-hundredths dollars, ($8,158.76), which sum was applied in the payment of interest on said principal sum since the date of said note to-wit: January 16, 1896, at the said rate of seven per cent. per annum, and the balance credited on the principal of said note. And there is still due to said defendant from the Farmers and Merchants bank the sum of one thousand four hundred and fifty-nine and thirty-five one-hundredths dollars, ($1,459.35), with interest at the rate of seven per cent. per anuum from the 23rd day of May, A. D. 1898, upon said promissory note. The said defendant still holds some of said collateral notes which it has been unable to collect, and these uncollected notes are the only security which said defendant holds for the payment of said balance due it from said Farmers and Merchants bank as aforesaid, and this defendant is willing to deliver over to said plaintiffs said collateral notes upon the payment to it of said balance due from said Farmers and Merchants bank. And said defendant denies that it received any other assets or any other property from said Farmers and Merchants bank, or for any other purpose than to secure said defendant for said actual and *bona fide* in-

debtedness; and denies that there was any agreement between the officers and stockholders in said Farmers and Merchants bank and the officers and stockholders in the said Citizens bank whereby the defendant was to issue, or did issue, to said stockholders in said Farmers and Merchants bank stock in said defendant bank in lieu of their stock in said Farmers and Merchants bank, or otherwise, and denies that the said Farmers and Merchants bank as alleged, or in any other manner became merged into, absorbed by, or consolidated with said defendant Citizens bank.

"And said defendant denies that it had upon said January 16, 1896, or at any other time any knowledge or information of said indebtedness to said plaintiff from said Farmers and Merchants bank; denies that the receiving of said security as aforesaid was in violation of the rights of the creditors of the Farmers and Merchants bank, including said plaintiffs; denies that it, said defendant, held or was responsible for said assets so, as aforesaid, delivered to it, as trustee of an implied trust for the benefit of the creditors of the said Farmers and Merchants bank, including said plaintiffs, or that the same are liable as a trust fund in equity for the payment of the debts of the Farmers and Merchants bank including the judgments of said plaintiffs; and denies that said defendant ever refused to render an account of said assets to said plaintiffs, or that said plaintiffs ever demanded such an account from said defendant, but on the contrary, said defendant voluntarily offered to the attorneys of said plaintiffs to make to them a full, correct and complete statement of all transactions had by it and the said Farmers and Merchants bank which are in controversy in this action. And denies that it claimed to be the owner of said assets, and denies that it has converted and appropriateed said assets to its own use and benefit.

"Wherefore said defendant, having fully answered the said petition of said plaintiffs, pray that said plaintiffs take

nothing by their said action, and for judgment for costs herein"

"REPLY.

"Come now the plaintiffs in the above entitled action and for their reply to the defendant's answer filed herein, deny each and every allegation of new matter contained therein as a defense to plaintiff's cause of action.

"Wherefore, plaintiffs demand judgment as in their petition prayed for."

The case was tried to the court, and after a full hearing on all controverted questions, the court found against the plaintiffs in error, and rendered judgment against them for costs. From this judgment they bring the case here for review.

The contention insisted upon in the brief of plaintiffs in error is that the court erred in its findings on the evidence, as well as in its conclusions of law upon some uncontroverted facts.

The right of plaintiffs in error to recover in the court below must be determined by the case made by them in their petition and the evidence in support thereof. Having failed upon the theory relied upon in their petition they will not be permitted to switch in this court, and claim the right to recover upon some other theory. There are but two grounds embraced in the petition upon which plaintiffs would be entitled to recover in any event, viz: First: that the transfer of the assets of the Farmers and Merchants bank to the Citizens bank was fraudulent and void as against the creditors of the former bank; second, that the two banks were consolidated,

and the Citizens bank became the successor of the Farmers and Merchants bank, taking its assets and becoming liable for its liabilities, at least to the extent of the assets received by it.

There was no evidence tending to support this second ground, and upon the first ground the court found against the plaintiffs in error. This was a controverted question of fact, and as there is ample evidence to support the findings of the trial court, this court will not disturb the finding and judgment.

The evidence, while somewhat conflicting, fairly tends to establish this state of facts: About the month of January, 1896, the Farmers and Merchants bank and the Citizens bank, each of which were banking corporations organized under the laws of this territory, were doing business at the city of Norman in Cleveland county, Oklahoma. The banking business was not sufficiently profitable to support two banks, and after a conference of the officers and some of the directors of the two banks, it was agreed that the Farmers and Merchants bank would retire from business if arrangements could be made to pay its depositors. It held deposits amounting to the sum of a little over fifteen thousand dollars. In order to meet this liability the Farmers and Merchants bank deposited in the Citizens bank about six thousand dollars in cash, and executed its note to the Citizens bank for the sum of $9,037.90, at seven per cent. interest. The proceeds of this note, together with the six thousand dollars cash were placed to the credit of the Farmers and Merchants bank upon the books of the Citizens bank. The deposits in the Farmers and Merchants bank were then transferred to the books of the Citizens bank, and

the latter bank paid all these depositors from the deposit held by it to the credit of the Farmers and Merchants bank. At the time of the execution of the note by the Farmers and Merchants bank, it transferred to the Citizens bank as collateral security for the payment of said note, promissory notes and other choses in action to the amount of from fifteen thousand to twenty thousand dollars, the actual value of which was considerably less. At the time of the trial less than half of these collaterals had been collected, and there was still a balance due upon the principal note executed by the Farmers and Merchants bank to the Citizens bank.

After making the transfer of deposits and executing the note before mentioned, the Farmers and Merchants bank suspended business. About the same time the cashier of the Farmers and Merchants bank, E. F. Taylor, and two or three stockholders in the Farmers and Merchants bank, purchased stock to the amount of eight thousand dollars in the Citizens bank from individual stock holders. The Citizens bank had no connection with any of these transfers of stock, except to cancel the old certificates and issue new ones to the transferees. Taylor then became assistant cashier of the Citizens bank, with the privilege to give enough of his time to the affairs of the suspended bank to close up its business. He was allowed to manage the settlement of the accounts of the suspended bank; collect the collaterals; check on the deposit of the Farmers and Merchants bank in the Citizens bank for the payment of liabilities of the Farmers and Merchants bank, and to have charge of the collaterals turned over to the Citizens bank as security for the loan of $9,037.90.

Some time after the first transaction the directors of the

Citizens bank became dissatisfied with the amounts being realized from the collaterals, and demanded of the officers of the Farmers and Merchants bank additional security, and in response to this demand the furniture and fixtures of the Farmers and Merchants bank was also turned over to the Citizens bank, at an agreed price and the amount credited on the note. These fixtures were afterwards sold for less than the sum at which they were taken. The plaintiffs in error were not depositors in the Farmers and Merchants bank, but recovered judgments against said bank after its suspension upon other demands, and prior to bringing this action had executions issued, which were returned *"nulla bona."*

There was some evidence to the effect that this change in the relation of the two banks was spoken of by some of the officers of the Citizens bank, and designated by the officers of the Farmers and Merchants bank as a consolidation, but as we view the law these acts did not and could not constitute a consolidation. Corporations can only consolidate when authorized by law, and then in the manner provided by law. There was no law in this territory at the time these transactions occurred authorizing the consolidation of corporations, and hence the fact that any of the parties may have designated the acts done as a consolidation, could have no legal effect. One corporation may, in contemplation of closing up its business, sell its assets, property and business to another corporation and make arrangement for the liquidation of its liabilities, but this does not constitute a consolidation.

The trial court found that there was no fraud in the transactions between the two banks, and we think the evidence supports this finding.

With these two grounds disposed of against the plaintiffs in error, upon what theory are they entitled to a reversal of the judgment?   Their contention is that the Farmers and Merchants bank holds collateral in excess of the amount due them from the Citizens bank, and for this excess they are entitled to a judgment against the Citizens bank.   We do not regard this position as sound.   When the Citizens bank loaned the Farmers and Merchants bank the sum of $9,037.90 for the purpose of paying the depositors in said bank, the Citizens bank became a creditor of the Farmers and Merchants bank and had all the rights of a creditor.   It had the right to exact security for its loan, and the Farmers and Merchants bank had the right to hypothecate its notes and credits as security for such loan.   Having accepted these collaterals as security, the Citizens bank had a right to retain them until the obligation for which they are pledged is fully paid.   Then the excess, if any, reverts to the Farmers and Merchants bank, and may be reached by its creditors for the payment of other liabilities.

Our statute, code civil procedure, sections 518 to 520, chapter 66, Stat. 1893, provides an ample and adequate remedy by which plaintiffs in error can reach and have applied any excess of collaterals in the hands of the Citizens bank.

The plaintiffs in error, having failed to prove fraud as alleged, are not entitled to a judgment against the Citizens bank for the amount of their judgment, not for the value of the securities which it appropriated to payment of its note against the  Farmers and Merchants bank.   Again, having failed to establish the averments of their petition that the Citizens bank holds these securities as a trust to be administered in equity for the creditors of the Farmers and Merchants bank,

they are not entitled to have a decree in this case requiring an accounting, or a lien declared in their favor.

As we view the case, the Citizens bank was a creditor of the Farmers and Merchants bank and took the notes, credits and fixtures as security for the payment of its claim against the Farmers and Merchants bank, and it is entitled to convert these securities into cash and apply the proceeds on its note. If there are any of these securities remaining after liquidation of its notes, then any other creditor of the Farmers and Merchants bank may by the plain statutory proceeding, reach such assets, and equity is not the appropriate remedy.

If the Citizens bank has wrongfully converted any of these securities which lawfully passed into its custody, or has by its negligence or want of diligence lost them the law furnishes an adequate remedy, and equity will not intercede.

It is further contended by counsel for plaintiffs in error that inasmuch as the evidence shows that Taylor, while acting as assistant cashier of the Citizens bank, paid out over one thousand dollars on other debts of the Farmers and Merchants bank which could and should have been applied on the $9,-037.90 note, that they are entitled to a judgment against the Citizens bank. We do not concur in this contention, while it is no doubt the law that if the Citizens bank misapplied or misappropriated any of the collaterals in its hand to purposes other than that for which they held them, or to purposes for which the Farmers and Merchants bank was not liable, it would be held liable to other creditors of the Farmers and Merchants for such wrongful acts. But there is nothing in the evidence to show that the entire amount paid out by Taylor was not in

payment of *bona fide* debts of the suspended bank for which it was liable at the date of the transfer of the collaterals. Nor can we say as a matter of law that such payments were such misapplication of the collaterals as will render the Citizens bank liable to these plaintiffs in error. It will be presumed that said sums were paid out with the consent of the Citizens bank in liquidation of valid debts of the suspended bank, and that said Citizens bank released a sufficient amount of its collaterals to enable Taylor to make such payments. We know of no reason why a bank, holding collaterals for its own security, may not surrender any or all of its collaterals to its debtor who is the owner of them, without becoming liable for the value thereof; and it seems reasonable that such a creditor may waive the right to a portion of its collaterals, so long as the same is applied to the payment of *bona fide* debts of the owner of the collateral.

This case has been argued upon the theory that the Farmers and Merchants bank ended its corporate existence at the time it made the transfer to the Citizens bank. This is incorrect. The suspended bank did not surrender or forfeit its charter. It simply quit business; and for the purpose of collecting its assets and paying its obligations, suing and being sued, the law will keep the corporation alive and require its last officers to represent it so long as the rights of any third person are undetermined.

The court tried this case upon the theory presented by by the pleadings and the evidence, and the plaintiffs in error have failed to make out the case upon such theory. They attempted to prove fraud and failed; they claimed a consolidation of the two corporations, which could not be; they ask

for a judgment for the amount paid out by the Citizens bank on debts of the suspended bank, but fail to show that such payments were not legitimate. They contended that the Citizens bank had, as a corporation, succeeded to all the property and assets of the Farmers and Merchants bank, and as the successor of the suspended corporation were liable for the debts of the latter. The proof did not warrant this contention. It is probable that, if the petition had alleged the facts developed by the proof, that the plaintiffs would have been entitled to an accounting, in order that they might be advised as to the state of the account between the two banks, and an application of the excess from the collaterals in the hands of the Citizens bank made to the satisfaction of the judgment in favor of the plaintiffs in error. But the petition, while practically demanding this character of relief, did not contain allegations warranting such relief.

While the plaintiffs in error are undoubtedly entitled to some relief, they have evidently sought the wrong remedy, and the facts failing to establish the case alleged by them, they must necessarily fail.

We find no reversible error in the record. The judgment of the district court of Cleveland county is affirmed at the costs of plaintiffs in error.

Irwin, J., who presided in the court below, not sitting; Beauchamp, J., absent; all the other Justices concurring.