## OKLAHOMA TRUST CO. v. STEIN *et al.*

No. 3098.   Opinion Filed November 18, 1913.

(136 Pac. 746.)

1. **TRIAL—Time for Trial—Waiver of Objection.** Where a reply to an answer is filed out of time, but no motion to strike same or other objection is presented to the court, and the case being called for trial and both parties announce ready, and a jury is impaneled and sworn, after which defendant asks leave of court to amend its answer, which leave is granted and the amendment is made, and the defendant thereupon objects to going to trial for the reason that the issues have not been joined ten days, as provided by statute, it is not error to deny such request and require the parties to proceed to trial.

2. **SAME—Jury in Equity Cases—Submission of Issues—Discretion—Advisory Verdict.** In cases of equitable cognizance the judge may call in a jury or consent to one for the purpose of advising him on questions of fact, and he may adopt or reject their conclusions as he sees fit inasmuch as the whole matter must be left to him to determine eventually, and it is not error for him to refuse to submit all the questions of fact to the jury, but he may submit such as are controverted or such as he may desire to be advised upon.

3. **INDIANS—Champertous Conveyance.** "Any person who buys or sells, or in any manner procures, or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant has been in possession, or he and those by whom he claims have been in possession of the same, or of the reversion and remainder thereof, or have taken the rents and profits thereof for the space of one year before such grant, conveyance, sale, promise or covenant made, is guilty of a misdemeanor." Section 2260, Rev. Laws 1910.

·4.    **SAME.** L., a minor Creek freedman, by fraudulently misrepresenting his age, in 1906 sold his surplus allotment to the Oklahoma Trust Company, which went into and remained in possession thereof until August, 1909, when L., who at that time had reached his majority, again sold the said land to S., who in turn sold an undivided half interest therein to W. Thereafter S. and W. joined in bringing suit against the Oklahoma Trust Company to quiet title. L. was not, nor had he been, in possession of the land for more than a year prior to his sale to S. in 1909, nor had he taken the rents or profits from said land during said time. **Held,** his deed to S. in 1909 was void as against the Oklahoma Trust Company by virtue of the champerty statute (section 2260, Rev. Laws 1910), and neither he nor his grantee, nor the subsequent grantee, could maintain the action to quiet title as against the Oklahoma Trust Company, L.'s first grantee, who was in possession at the time of the second sale.

(Syllabus by Robertson, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by P. H. Stein and Felix Winkler against the Oklahoma Trust Company and others. Judgment for plaintiffs, and defendant Trust Company brings error. Reversed and remanded.

*E. G. Wilson,* for plaintiff in error.

*M. L. Williams,* for defendants in error.

Opinion by ROBERTSON, C.  This action was commenced in the superior court of Muskogee county on the 2d day of May, 1910, by P. H. Stein and Felix Winkler, plaintiffs, against Dan McKeever, the Oklahoma Trust Company, a corporation, E. T. Browning, J. C. Scully, John Grason, Roy Keeny, N. J. Hamilton, and B. F. Wineland; the object and purpose of the suit being to quiet title in the plaintiffs to the S. W. ¼ of section 17, township 13 north, range 16 east, containing 160 acres. All parties defendant named above were eliminated prior to the trial in the lower court, except the Oklahoma Trust Company, now the plaintiff in error herein.

The petition of the plaintiffs below charged that they were the owners of and in the actual possession of the land above described and had derived title thereto by warranty deed on August 2, 1909, from one Silas London, who was a Creek Freedman, duly enrolled as such, and that said land was his surplus

allotment; that plaintiff in error, who hereafter will be desig-nated as defendant, secured a warranty deed from said Silas London to the land in controversy on June 16, 1906, and the same was duly recorded; that it also secured a deed from B. J. Beavers and Anna Beavers to the same land on July 31, 1906, but that the said deeds, except the one executed on August 2, 1909, were void, for the reason that Silas London was a minor at the time of their execution. To this petition the defendant, the Oklahoma Trust Company, filed a demurrer, which was over-ruled, and thereafter it filed its answer and cross-petition in which, after a general denial, it admitted that Silas London was a Creek citizen and the allottee of the land in controversy; that he executed and delivered to plaintiff in error a warranty deed to the land in question; that it purchased the land in good faith in the usual course of business and paid therefor $1,600, which was a fair and reasonable value thereof. It also alleges that B. J. Beavers thereafter made, executed, and delivered to said Oklahoma Trust Company his quitclaim deed for said land; that it is in possession of said land; that neither Silas London nor the plaintiffs were in possession of said land at the time of the execution of the deed by Silas London to the said plaintiffs on August 2, 1909, nor for the space of one year before said deed. Defendant further charged in its said answer that at the time of execution of the said deed to it by Silas London on June 16, 1906, the said Silas London was doing business for himself and appeared to be of age and represented to defend-ant that he was of age, by his own affidavit and that of his father and mother, and that the said representations and affidavits were made for the purpose of inducing it to purchase the said land, and that defendant, believing said representations to be true and relying on the adult appearance of the said Silas Lon-don, was induced thereby to purchase the said land. To this answer and cross-petition the defendants in error, plaintiffs be-low, on the 23d day of February, 1911, filed a reply, denying each and every allegation thereof, except as therein admitted, and specifically denying that defendant had paid to the said Silas London $1,600 for his said allotment.

The case was called for trial on the 23d day of February, 1911, at which time the defendant objected to going to trial at that term of court for the reason that the issues were not made up in time and said cause was not triable at that term of the court. This objection was overruled, to which ruling defendant excepted. The cause proceeded to trial and resulted in a judgment in favor of the plaintiffs. A motion for new trial was filed, overruled, and defendant brings this appeal to reverse the judgment of the court below and relies upon four assignments of error for reversal, which are:

(1) The court below erred in compelling the plaintiff in error to go to trial on the day the issues were joined. (2) The court erred in failing to submit all questions of fact to the jury. (3) The court erred in refusing to admit proper and material evidence on the part of the plaintiff in error. (4) The court erred in giving certain instructions to the jury. We will consider these assignments in their order.

As hereinbefore stated, the demurrer of defendant to the petition was overruled on the 12th day of November, 1910, and ten days given to answer. On the 14th day of November defendant filed its answer and cross-petition. No reply was filed to this answer and cross-petition until the 23d day of February, 1911, and on the 23d day of February, 1911, the parties appeared in court by their counsel and all announced ready for trial. A jury was impaneled and sworn to try the issues. At this juncture the defendant, with knowledge that plaintiffs' reply had that day been filed, asked leave of court to amend its answer. No objection to this request was made by plaintiffs, and the court granted the request, and the answer was accordingly amended. As soon as the amendment to the answer had been made, defendant objected to proceeding with the trial that had already been commenced on the ground that the issues had not been joined ten days prior to the first day of the term. This question was in no wise in the case, and the objection was very properly overruled by the court. No objection had been made to the filing of the reply out of time, and it is to be presumed that defendant had no objections thereto, else a motion to strike

same. from the files would doubtless have been made. After the reply, which was a simple general denial, had been filed by plaintiffs without objection of any kind being made by defendant and leave taken to amend its answer, and after its announcement of ready for trial, and after the jury had been impaneled and sworn, the objection, as made, came too late. To have sustained the same would have given defendant the advantage of its own carelessness and fault and would have countenanced trifling with the court, a thing never to be sanctioned.

It is next urged that the court erred in failing to submit all questions of fact to the jury. Not so. This is an equity case, as distinguished by statute from a law case; it is one in which the litigants, as a matter of right, were not entitled to a jury at all. The court had a right to impanel a jury and to submit to it any question of fact it desired, but the verdict would have been advisory only and not in any sense binding upon the court.

In *Barnes et al. v. Lynch et al.*, 9 Okla. 191, 59 Pac. 1008, it was said by the court:

"The law is, however, in cases of equitable cognizance, that, while the judge may call in a jury or consent to one for the purpose of advising him upon questions of fact, he may adopt or reject their conclusions, as he sees fit, and that the whole matter must eventually be left to him to determine, and that the instructions furnish no ground of error upon appeal. It was not only the right but the duty of the court to finally determine all questions of fact as well as of law."

In *McCoy v. McCoy*, 30 Okla. 393, 121 Pac. 182, Ann. Cas. 1913C, 146, it was said by Harrison, C.:

"Our statutes define what issues may be tried by the court. Comp. Laws 1909, sec. 5781 (Rev. Laws 1910, sec. 4989): 'Issues arise on the pleadings, where a fact or conclusion of law is maintained by one party and controverted by the other. There are two kinds: First, of law; second, of fact.' St. Okla. 1893, sec. 4151. Section 5782 (Rev. Laws 1910, sec. 4990): 'An issue of law arises upon a demurrer to the petition, answer, or reply, or to some part thereof.' St. Okla. 1893, sec. 4152. Section 5783 (Rev. Laws 1910, sec. 4991): 'An issue of fact arises: First, upon a material allegation in the petition, controverted by the answer; or, second, upon new matter in the answer, controverted by the reply; or, third, upon new matter in the reply,

which shall be considered as controverted by the defendant without further pleading.' St. Okla. 1893, sec. 4153. Section 5785 (Rev. Laws 1910, sec. 4993) : 'Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided.' St. Okla. 1893, sec. 4156. Section 5786 (Rev. Laws 1910, sec. 4994) : 'All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury, or referred as provided in this Code.' St. Okla. 1893, sec. 4157 (Rev. Laws 1910, sec. 3582). Section 5781 defines how issues arise. Section 5782 defines how issues at *law* arise. Section 5783 how issues of *fact* arise. Section 5785 prescribes what issues of fact *shall be tried by a jury* unless a jury is waived or a reference be ordered. Section 5786 provides that *all other issues of fact shall be tried by the court,* subject to its powers to order any issue or issues to be tried by a jury or referred, as provided in the Code. These statutes, viewed in the light of the authorities above cited, are susceptible of but one logical construction, viz., that all issues of fact, arising in actions for the recovery of money or for the recovery of specific real or personal property, shall be tried by a jury unless a jury is waived or a reference ordered. They are mandatory both in meaning and language, and to refuse a jury in such cases would constitute reversible error; and in section 5786 the language is equally strong, and the provisions equally mandatory, that all other issues shall be tried by the court subject to its power (discretion) to submit the issues to a jury or direct a reference."

From a consideration of the foregoing authorities, it is clear that defendant has no cause for complaint under its second assignment of error.

It is next urged by defendant that the court committed error in excluding material and competent testimony offered by it at the trial. Among other things, defendant offered to prove that, at the time it purchased the land from Silas London, it was given full and complete possession thereof and had retained the same from said date, to wit, January 6, 1906, up to August 2, 1909, the date of the second deed executed by Silas London to P. H. Stein, one of the plaintiffs, and that said Silas London had not been in possession of said premises in any man-

ner for a year next preceding the bringing of this suit, nor had he received the rents and profits therefrom, and that therefore the deed to Stein was void as to defendant as being in violation of the provisions of the champerty statute. Plaintiffs, on the other hand, contend that such evidence is incompetent and immaterial for that the possession of defendant, being dependent upon a void deed, would not amount to an adverse possession of the land of the allottee upon the alienation of which there were restrictions imposed by the United States, and that no possession, however long and hostile it might be to the allottee, could ripen into a title. The record discloses that the plaintiff Stein took his deed to the land in question from the allottee, Silas London, on August 2, 1909, and that plaintiff Winkler took his deed from Stein to an undivided one-half interest to said land on April 30, 1910. The defendant took its deed to the premises from Silas London June 16, 1906, and in its answer and cross-petition alleges:

"That after the purchase of said land by this defendant from Silas London on June 16, 1906, defendant entered into possession of the same, and that neither Silas London nor any of his grantors (grantees) were in possession of said land, nor any part thereof, nor of any reversion or remainder thereof, nor had they collected the rents or profits thereof at the time of the execution of the deed by Silas London to Plaintiff P. H. Stein on August 2, 1909, nor for the space of one year before said conveyance, but that said land was at that time held by adverse possession by this defendant, by reason of which plaintiff's pretended title to same is void."

At the time plaintiffs took their deeds as hereinbefore mentioned, section 2260, Rev. Laws of 1910 (section 2215, Comp. Laws 1909), was in force and effect in this state, which section is as follows:

"Any person who buys or sells, or in any manner procures, or makes or takes any promise or covenant to convey any pretended right or title to any lands or tenements, unless the grantor thereof, or the person making such promise or covenant has been in possession, or he and those by whom he claims have been in possession of the same, or of the reversion and remainder thereof, or have taken the rents and profits thereof

for the space of one year before such grant, conveyance, sale, promise or covenant made, is guilty of a misdemeanor."

This statute has been construed by this court in several cases and has been invariably sustained. See *Martin v. Cox et al.*, 31 Okla. 543, 122 Pac. 511; *Powers et al. v. Van Dyke et al.*, 27 Okla. 27, 111 Pac. 939, 36 L. R. A. (N. S.) 96; *Huston v. Scott et al.*, 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721.

In *Miller v. Fryer*, 35 Okla. 145, 128 Pac. 713, it was said by Chief Justice Hayes, in discussing *Martin v. Cox et al., supra:*

"In this case the court held that the foregoing statute, making it a misdemeanor to buy or sell any pretended right or title to land, where the grantor or those by whom he claims have not been in possession or taken the rents and profits thereof for the space of one year before such conveyance, is declaratory of the common law, and that a conveyance made in contravention thereof by the rightful owner as against the person holding adversely is void, and that it is not necessary in order that such shall be the result of the statute that the person holding shall hold under color of title at the time of the conveyance. It is sufficient if he was in possession adversely to plaintiff and his grantors."

Continuing, the court says:

"Counsel for plaintiff in error contends that the foregoing statute does not operate to render the deed of plaintiff void for the reason that, although defendant had been in possession of the land for more than one year prior to the conveyance thereof to plaintiff, defendant had not been in adverse possession for such period of time. He contends that there can be no adverse possession of the lands of an allottee upon the alienation of which there are restrictions imposed by the federal government; that no possession, however long and hostile it may be to the allottee, can, under the statutes of limitation, ripen into title. It is well settled that there can be no adverse possession against the federal government which can form the basis of title by estoppel or under the statutes of limitation; and it has been held that the same rule applies where the lands involved are lands that have been allotted to Indians with restrictions upon the alienation of title thereto by the Indians, so long as such restrictions upon alienation exist. * * * The common-law rule did not require, nor does the statute here involved

require, as an element of its violation that the person in possession at the time of the conveyance shall have been in adverse possession for a period of one year. On the other hand, the statute is violated, not only if the grantor is out of possession, and there is some one in adverse possession at the time of the conveyance, but if the grantor is in possession, but has not been in actual or constructive possession in person or by those by whom he claims for the period of one year, or has taken the rents and profits thereof for said period of time. Whatever may be the character of the defendant's possession before the removal of the restrictions upon the alienation by the allottees at the time this conveyance was made, plaintiff was not in possession. Defendant, then, was in adverse possession under the admitted facts in this record; and by reason of that fact the deeds executed by. the allottees to plaintiff constituted the violation of the statute and are, as between plaintiff and defendant in possession, void."

The foregoing case is valuable to us in this connection, not only because it sustains the champerty statute, *supra,* but also because it holds that the law applies where the grantor is "an allottee of the Chickasaw and Choctaw Tribe of Indians upon whose power to alienate his allotment the restrictions have been removed prior to the time of the execution of the deed and where the person in possession originally obtained possession and claims title to the conveyed premises by virtue of a void deed executed by the allottee before the removal of restrictions upon his power to alienate his allotted lands." This authority is conclusive. on us and renders further discussion of the question involved unnecessary. It follows that the trial court erred in refusing to permit defendant to show that neither plaintiffs nor their grantor had been in possession of the premises, nor had they collected the rents and profits therefrom for a period of one year next preceding the attempted conveyance from Silas London to P. H. Stein.

There are other questions urged by defendant in its brief, but it becomes unnecessary to give them consideration.

For the reasons assigned the judgment of the trial court should be reversed, and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.