## COOK v. WARNER.

No. 3216.   Opinion Filed April 17, 1914.

(140 Pac. 424.)

1.   EQUITY—Retention of Jurisdiction—Scope of Relief.   A court of equity which has obtained jurisdiction of the controversy on any ground or for any purpose will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject-matter, and to avoid multiplicity of suits.

2.   SAME—Jurisdiction—Complete Relief.   In an action invoking the general equity powers of the district court, where title to real estate and the questions of cancellation of the instruments of conveyance or determination of the interest of various parties and the partition and sale of such real estate are involved, the court will not be divested of its jurisdiction to decree a sale of such real estate merely because in the trial of the cause it develops that a minor has an interest therein; but the court will retain jurisdiction in order to grant complete relief to all parties in interest and avoid the necessity of other suits.   Hence, a sheriff's deed made pursuant to an order of sale will be valid, although a minor's undivided interest may have been conveyed under the decree.

(Syllabus by Harrison, C.)

*Error from District Court, Wagoner County;*
*R. C. Allen, Judge.*

Action by J. Carter Cook, acting as guardian and next friend of George Harris, a minor, against E. S. Warner, to set aside a judgment of the district court, and cancel a sheriff's deed. Judgment for defendant, and plaintiff brings error.   Affirmed.

*J. Carter Cook,* for plaintiff in error.

*Chas. F. Runyan,* for defendant in error.

Opinion by HARRISON, C.   In May, 1911, the guardian of George Harris, a minor, brought this action in the district court of Wagoner county to set aside a former judgment of the district court, and to cancel a sheriff's deed which had been executed to the defendant, E. S. Warner, pursuant to such judgment.   It appears from the pleadings that in May, 1909, in an

action by the Iowa Land & Trust Company against International
Land Company and others to quiet title of certain parties to a
certain tract of real estate, and to determine the interest of such
parties in said tract, the court, in passing upon the issues
presented in such suit, determined and decreed that George Har-
ris, a minor, in whose behalf as guardian J. Carter Cook prose-
cutes this action, had a one-fourth interest in the tract of land
in question, and that defendant, E. S. Warner, had the remain-
ing three-fourths interest therein.   Whereupon the court ordered
a partition of the land in question if it could be fairly and equit-
ably divided, and, in the event it could not be so divided, that
the land be appraised and sold, and that the proceeds of sale,
after payment of costs, be distributed to Warner and to George
Harris, the minor, according to their respective interests in the
estate, and that the proceeds to which said minor would be en-
titled should be paid into court to be paid out by the clerk of said
court to the minor's proper guardian, and that, upon the report
to the court that the land could not be fairly and equitably par-
titioned, the court ordered it appraised and sold according to
law, which was done, and which sale being duly confirmed, the
court ordered the sheriff to execute a deed to the purchaser.   Pur-
suant to which order the sheriff executed a deed to the entire
tract to E. S. Warner, the purchaser and defendant in error
herein.   Some two years thereafter this action was brought to
set aside such judgment, and to cancel the sheriff's deed to War-
ner.   When the cause came on for hearing in September, 1911,
the court sustained a demurrer to the plaintiff's petition.   The
plaintiff refused to plead further, and the court rendered judg-
ment in favor of Warner, and, from such judgment, this ap-
peal is prosecuted.

The decisive question presented in this appeal is whether,
in an action by adults to determine and settle the title to real
estate, and to determine interests of adverse claimants thereto,
a district court should be divested of its equity jurisdiction to
grant complete relief in the premises simply because it developed
in the trial, and had been decreed by the court, that a minor
had an interest in the estate.

It is urged by plaintiff in error that the district court had no jurisdiction to decree the sale of the minor's interest; that such jurisdiction is vested exclusively in the probate courts of our state. This was the theory upon which the action was brought in the court below, and, upon the theory that the district court was not divested of such jurisdiction, the demurrer to the petition was sustained. No authorities on this exact point in question are presented by either party to the appeal; but each contents himself with an analysis of the constitutional and statutory provisions in reference to the subject, and with an argument and citation of authorities in support of their respective interpretation of such constitutional and statutory provisions, and, but for other well-recognized principles of law which we must recognize in determining this question, it might be said that either interpretation is correct. Article 7, sec. 12 (197), of Williams' Constitution in part provides:

"The county court, coextensive with the county, shall have original jurisdiction in all probate matters, and until otherwise provided by law, shall have concurrent jurisdiction with the district court in civil cases in any amount not exceeding one thousand dollars, exclusive of interest: Provided, that the county court shall not have jurisdiction in any action for malicious prosecution, or in any action for divorce or alimony, or in any actions against officers for misconduct in office, or in actions for slander or libel, or in actions for the specific performance of contracts for the sale of real estate, or in any matter wherein the title or boundaries of land may be in dispute or called in question; nor to order or decree the partition or sale of real estate, not arising under its probate jurisdiction."

Also in section 13, art. 7 (198), Williams' Ann. Const. Okla., it is provided:

"The county court shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons *non compos mentis,* and common drunkards; grant letters testamentary and of administration, settle accounts of executors, administrators, and guardians; transact all business appertaining to the estates of deceased persons, minors, idiots, lunatics, persons *non compos mentis,* and common drunkards, including the sale, settlement, partition, and distribution of the estates thereof. * *. *"

In section 10, art. 7 (195), Williams' Ann. Const. Okla., the jurisdiction of the district courts of our state is defined as follows:

"The district courts shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court, and such appellate jurisdiction as may be provided in this Constitution, or by law. The district courts, or any judge thereof, shall have power to issue writs of *habeas corpus,* mandamus, injunction, *quo warranto, certiorari,* prohibition, and other writs, remedial or otherwise, necessary or proper to carry into effect their orders, judgments, or decrees. The district courts shall also have the power of naturalization in accordance with the laws of the United States."

Let it be observed: That section 12, *supra,* provides: "The county court, coextensive with the county, shall have original jurisdiction in all probate matters." That section 10, *supra,* provides: "The district court shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court.   *   *   *"

In other words, the county court shall have original jurisdiction in all probate matters, and the district court shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is conferred upon some other court. The words "shall have original jurisdiction" are the same and used in the same sense as to both courts; that is, the district court shall have original jurisdiction in all cases, civil and criminal, the same as the county court shall have original jurisdiction in all probate matters.

Now, under our statutes there are but two kinds of actions: "Actions are of two kinds: First, civil; second, criminal." (Section 4646, Rev. Laws 1910.)

"A criminal action is one prosecuted by the state, as a party, against a person charged with a public offense, for the punishment thereof." (Section 4647, *Id.*)

"Every other is a civil action." (Section 4648, *Id.*) Hence the action of which plaintiffs in error complain was a civil action in the district court, which, under our Constitution, section

10, *supra*, has original jurisdiction over all civil cases, unless exclusive jurisdiction is conferred on some other court.

Now, the word "exclusive" is not used in reference to the jurisdiction of county courts in all probate matters in section 12, *supra;* and section 10 provides that the district court has jurisdiction in all civil cases, except where exclusive jurisdiction is conferred upon some other court. In section 1817, Rev. Laws 1910:

"* * * The county court shall have jurisdiction concurrent with justices of the peace in misdemeanor cases, and *exclusive jurisdiction* in all misdemeanor cases of which justices of the peace have no jurisdiction. * * *"

Section 2, art. 1, c. 27, Laws 1907-08, provides:

"Sec. 2. The county court, coextensive with the county, shall have original jurisdiction in all probate matters, shall have concurrent jurisdiction with the district court in civil cases in any amount over five hundred dollars and not exceeding one thousand dollars, exclusive of interest, and exclusive original jurisdiction in all sums in excess of two hundred dollars and not exceeding five hundred dollars. * * *"

These sections are referred to merely as an aid in arriving at the legislative intent, for, it being provided in section 10 of the Constitution, *supra*, that the district court has original jurisdiction in all civil cases, except where *exclusive* jurisdiction is by law conferred upon some other court, the Legislature has made use of the word "exclusive" in all cases where exclusive jurisdiction was meant to be conferred upon any particular court. By this we do not mean to be understood as holding that general original jurisdiction in probate matters is not conferred upon the county court, nor do we mean to be understood as holding that the district courts have a general concurrent jurisdiction, in probate matters, with the county court; but there are many instances, as was true in the case at bar, that in the trial and determination of other civil matters questions arise which involve partial phases of the probate law, and in such cases, especially those involving questions of equity, our district courts being vested with general equity powers, we do not believe that it was the intention of the framers of the Constitution to, in matters invoking

the general equity powers of the district court, divest it of its jurisdiction to grant complete relief to the parties in interest merely because some feature of the probate law, as an incident to the case, became involved.

The judgment complained of in the case at bar was a judgment in an action involving the title to real estate, and the cancellation of instruments of conveyance to real estate, and the determination of title of certain parties to the action in and to the real estate in question, an action which invoked the general equity powers of the district court. The court heard and determined the issues presented in the action, ordered the cancellation of certain instruments of conveyance, and determined the interest and title of the parties thereto in and to the real estate in question, and in its determination of the issues involved it developed that the minor, George Harris, plaintiff herein, owned a one-fourth interest in the real estate in question, and, upon the pleadings and upon the issues thereby formed, the court determined such minor's interest, and so decreed in its judgment.

It further appears, from the record herein of the proceedings in the judgment complained of and herein sought to be set aside, that the court, upon the issues presented to it, decided that a partition of the real estate in question was necessary in order to grant complete relief to all parties, provided it could be done fairly and equitably. Whereupon it appointed a commission to ascertain and report, and, upon the report of such commission that such real estate could not be fairly and equitably partitioned, the court decreed a sale of the entire tract as provided by law, and that the proceeds of such sale belonging to the minor, George Harris, should be paid into court to be paid out by the clerk thereof upon the order of the proper guardian of such minor. Pursuant to which order the sheriff sold the land in question and executed a deed to the purchaser.

No irregularities, inadequacy of price, or fraud in the proceedings are disclosed or complained of in the record, and we can find no valid reason, either under the provisions of the Constitution or those of the statutes, for holding that, merely because, in the trial of an action which invoked the general equity

powers of the district court, it developed, as an incident to a final determination of such action, that a minor had an interest in the property in question, the court should thereby be divested of its powers to retain jurisdiction and render complete relief to all parties in interest.

"Equity jurisdiction, having rightfully attached to a controversy, will be made effectual for the purpose of complete relief, though it may involve the adjudication of purely legal questions. Equity will assume jurisdiction to prevent multiplicity of suits: (a) Where numerous persons have a community of interests or a common right or title in the subject-matter of controversy, as against a common adversary, or where each has an equitable cause of action or an equitable defense against such adversary, involving the same questions of law and fact; (b) where reiterated litigation at law between the same individuals concerning the same subject-matter is threatened, or has actually taken place, without conclusively adjudicating the rights." (Fetter on Eq. pp. 13-17.)

Also Pomeroy's Eq. Jurisp. c. 1, vol. 5, 2d Ed.; *Id.,* sec. 351, vol. 1, 3d Ed.; 1 Story's Eq. Jurisp. (13th Ed.) 64 K; Bailey on Juris. (2d Ed.) sec. 535.

In 16 Cyc. 106, the following rule is announced:

"A court of equity which has obtained jurisdiction of a controversy on any ground or for any purpose will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject-matter. This doctrine seems to rest upon the same principles which permit a court of equity to take jurisdiction in the first instance, because the remedy is incomplete, or to avoid multiplicity of suits."

This text of equity doctrine is supported by decisions from almost every state in the Union. See authorities cited under foregoing texts.

The judgment of the trial court seems to be abundantly supported both by reason and by the above equity doctrine. No other court in our state had jurisdiction to determine the question of title to the real estate involved, nor the interests of the parties thereto, nor to decree a partition of the land, nor to order a cancellation of the instruments involved therein; and we can see no valid reason why, after the court had determined the interests of the parties, and had further ascertained, from the report

of the commissioners appointed, that the land in question could not be fairly and equitably partitioned, the entire action should have been abated, relief suspended, the interests of the other parties disregarded until a separate action involving the necessary details and complications and extra expense, court costs and attorney's fees for the minor could be brought in the probate court by the guardian for the sale of the minor's interest in the land. Such a proceeding would have been in direct conflict with the well-established rules of equity, as well as an apparent detriment to the interests of the minor. Hence, upon the whole, in the absence of any showing of irregularity or fraud, we believe the deed executed by the sheriff pursuant to the order of the district court was valid, and that the judgment of such court should be affirmed.

By the Court: It is so ordered.