# SUCCESS REALTY CO. v. TROWBRIDGE.

No. 4252.   Opinion Filed June 1, 1915.

Rehearing Denied August 3, 1915.

(150 Pac. 898.)

1. **JURY—Right to Jury Trial—Equity Case.** In a case purely of equitable cognizance, neither of the litigants is entitled, as a matter of right, to trial by jury.

2. **TRIAL—Trial by Court—Jury—Advisory Verdict.** In the trial of equity cases the court may call in a jury for the purpose of advising the court upon questions of fact, and the court may either adopt or reject their conclusions as to the same, as he sees fit.

3. **TRUSTS—Constructive Trust in Land—Fraud.** Where money is obtained by fraud and invested in land, the title to which is taken in the name of the wrongdoer, a constructive trust results in said land in favor of the person wronged, and follows the land in which such money has been invested, unless the land has passed to a purchaser for value, without notice of the trust.

4. **APPEAL AND ERROR—Decisions—Equity Case.** In all cases which were cognizable only in a court of chancery, this court on appeal has the power to consider the whole record, to weigh the evidence, and, when the judgment of the trial court is clearly against the weight of the evidence, render or cause to be rendered such judgment as the trial court should have rendered.

5. **SAME—Instructions—Equity Case.** Where a jury is impaneled in a case purely of equitable cognizance to aid the court in finding the facts, the finding of such jury being merely advisory, the giving or refusal to give certain instructions, regardless of whether or not such interrogatories given or refused correctly state the law, cannot, on appeal to this court, properly be assigned as errors.

6. **SAME—Interrogatories—Equity Case.** Where a jury is impaneled in a case purely of equitable cognizance to aid the court in determining the facts, it is entirely within the discretion of the court as to what interrogatories the court propounds to such jury; and error cannot properly be assigned that the court erred in propounding such interrogatories, or that the interrogatories propounded were not germane to the issues involved.

7. **EQUITY—Scope of Relief—Multiplicity of Suits.** When a court of equity has obtained jurisdiction of a controversy, it will administer complete relief with respect to the subject-matter thereof, in order to avoid multiplicity of suits.

(Syllabus by Collier, C.)

*Error from District Court, Oklahoma County;*
*George W. Clark, Judge.*

Action by David B. Trowbridge against the Success Realty Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*B. O. Young,* for plaintiff in error.

*Claude Weaver,* for defendant in error.

. Opinion by COLLIER, C. This is a suit in equity instituted by David B. Trowbridge, hereinafter called plaintiff, against the Success Realty Company, a corporation, hereinafter called the company, to cancel the purchase of stock and declare a resulting trust in the lands named in plaintiff's petition.

Plaintiff alleged that defendant, acting by and through its agents, had swindled and defrauded him out of the sum of $6,300, said fraud consisting in the sale to him of 63 shares of stock in defendant company of the par value of $100 each; that plaintiff paid to said company the sum of $6,300 for said shares of stock; that, as an inducement to said sale, one C. R. Ball, acting for defendant company as general manager, falsely represented to plaintiff that the capital stock of said company was $200,000 fully paid up, and that said stock was worth 100 cents on the dollar; that said company was the owner at said time in fee simple, unincumbered, of many tracts and parcels of land in Oklahoma City, Okla., of the market value of $100,000, and had, in addition thereto, first mortgage securities on lands to the value of $80,000 or more; that said false representations were made with the intent to induce plaintiff to purchase said 63 shares of stock and to part with his $6,300, and said representations were made with the intent of deceiving him; and that said

representations did deceive him, and he believed them to be true. The plaintiff elected to repudiate the said sale of said 63 shares of stock, on the ground of fraud, and tendered into court, with his petition, said shares of stock for cancellation. Plaintiff also pleaded that $6,300, out of which he was swindled and defrauded by the company, was used by it and appropriated by it for the purchase of the land specifically described in plaintiff's petition, and that because of the fraud the sale of said stock to plaintiff was a nullity, and, the company having purchased said described tract of land with the money of plaintiff, a resulting trust thereby ensued, whereby said plaintiff became the owner of said land. Plaintiff prayed that said shares of stock be returned to the company, that the title to said land be vested in him, "and for such other and further relief as in law or equity plaintiff may be entitled to in the premises."

On the trial of the cause a jury was impaneled. Plaintiff testified substantially as averred in his petition. The company offered evidence admitting the allegations of the petition as to the sale of stock to plaintiff, but denying "that any misrepresentations or fraud had been practiced upon said plaintiff to induce him to purchase said stock, 'and also admitted that the land described in plaintiff's petition was purchased in part with the $6,300 "paid by plaintiff for said stock, and that the legal title to said land was 'now' vested in the company." Thereupon the company demurred to the evidence, which the court overruled, and the company duly excepted.

The court propounded the following interrogatories to the jury, each of which, except the seventh, which was answered, "Of $6,000, and interest at six per cent. from

February 23, 1910, to March 26, 1912," was answered in the affirmative:

"(1) Did the president of the defendant company, one C. R. Ball, make the representations imputed to him in the petition, which the court has instructed you might be made the basis of an action for fraud?

"(2) If you answer interrogatory No. 1 in the affirmative, were those representations false?

"(3) If you answer interrogatory No. 2 in the affirmative, did the said C. R. Ball know them to be false or make them recklessly, without any knowledge of their truth?

"(4) If you answer interrogatory No. 1 in the affirmative, were those representations made with intention that they should be acted upon by plaintiff?

"(5) If you answer interrogatory No. 1 in the affirmative, did the plaintiff act upon them and believe them to be true?

"(6) If you answer interrogatory No. 5 in the affirmative, was the plaintiff defrauded thereby?

"(7) If you answer interrogatory No. 6 in the affirmative, in what amount was the plaintiff defrauded by reason thereof?"

The court adopted said findings of facts, and found, in addition to said findings of the jury, that $6,000 of the money fraudulently obtained by the company from plaintiff was used as a part of the purchase price of said land, and "that the purchase price of said land was the sum of $8,000, whereby the plaintiff acquired an undivided three-fourths interest in and to said property," and rendered judgment in the sum of $6,000, and interest, against the company, and adjudged that plaintiff had a lien upon three-fourths of said land, and that a three-fourths interest in said land be sold for the satisfaction

of said judgment. To the rendition of said judgment the company duly excepted, and, within the time required by law, filed its motion for a new trial, which was overruled, and the company duly excepted. From the rendition of said judgment this appeal is prosecuted.

The attorney for the company mistook the character of the litigation involved in this cause, and insisted upon the company's right to have the jury render a verdict in this case, and has briefed the case here as one of law. The company assigns the following errors:

"(1) Said court erred in overruling the motion of the plaintiff in error for a new trial.

"(2) Said court erred in overruling the motion of plaintiff in error to direct a verdict in favor of the plaintiff in error.

"(3) Said court erred in overruling the demurrer of plaintiff in error to the evidence.

"(4) Said court erred in admitting evidence on the part of the defendant in error.

"(5) Said court erred in its remarks to the jury in stating the defendant in error's alleged cause of action and in giving the following instructions to the jury, to wit: Instructions numbered 3, 4, and 5.

"(6) Said court erred in refusing to give the following instructions to the jury, asked for by the plaintiff in error, to wit: Requested instruction numbered 1, requested instruction numbered 2, and requested instruction numbered 4.

"(7) Said court erred in submitting the seven special interrogatories to the jury."

Said assignments numbered 1, 4 and 5 do not conform to the requirements of rule 25 of this court (38 Okla. vi, 137 Pac. ix), and will not be considered.

The company objected to the court's giving to the jury certain instructions and duly excepted thereto, and duly excepted to the refusal of the court to give certain written instructions asked by it. The giving of said instructions and the refusal to give said requested instructions was free from error. When a jury is empaneled in a case purely of equitable cognizance to aid the court in finding the facts, as was done in this case, the findings of the jury being merely advisory, and not binding upon the court, the giving of instructions by the court, or the refusal of the court to give requested instructions, regardless of whether or not such given or requested instructions refused, correctly or incorrectly state the law, cannot properly be the basis of assignments of error, and hence, assignments of error numbered 2, 5, and 6 are without merit. *Barnes v. Lynch,* 9 Okla. 191, 59 Pac. 995; *Okla. Trust Co. v. Stein et al.,* 39 Okla. 756, 136 Pac. 746.

In a case of purely equitable cognizance, the court is entirely justified in submitting to a jury to be answered by it any interrogatories at all germane to the issues involved, "to aid his conscience," and consequently assignment of error numbered 7 is without merit.

With all the errors assigned in this case disposed of, as above stated, except the third, "that the court erred in overruling the demurrer of plaintiff in error (the company) to the evidence," we will proceed to the consideration of said last-named assignment. As this is a case of purely equitable cognizance, neither of the litigants is, as a matter of right, entitled to a jury to try the case. The court may, for the purpose of "relieving its conscience," impanel a jury to find the facts, but the findings of the jury are only advisory, and do not bind the court in any sense. *Murray et al. v. Snowder,* 25 Okla. 421,

106 Pac. 645; *Richardson, etc., Dry Goods Co. et al. v. Hockaday et al.,* 12 Okla. 546, 73 Pac. 957. In such case it is not only the right, but the duty, of the court to finally determine all questions of fact as well as law. *Okla. Trust Co. v. Stein,* 39 Okla. 756, 136 Pac. 746; *Kentucky Bank & Trust Co. v. Pritchard,* 44 Okla. 87, 143 Pac. 338; *Hartsog et al. v. Berry et al.,* 45 Okla. 277, 145 Pac. 328.

Where money is obtained by fraud, as in this case, and invested in land, the title to which is taken in the name of the wrongdoer, a constructive trust results in such land in favor of the person wronged, and follows the land in which such money has been invested, unless the land has passed to a purchaser for value, without knowledge of the trust.

"A constructive trust arises whenever another's property has been wrongfully appropriated and converted into a different form. If one person, having money or any kind of property belonging to another in his hands, wrongfuly uses it for the purchase of lands, taking title in his own name * * * equity impresses a constructive trust upon the new form or species of property * * * in whosesoever hands it may come, except into those of a *bona fide* purchaser for value and without notice. * * * Whenever one person has wrongfully taken the property of another, and converted it into a new form, or transferred it, the trust arises and follows the property or its proceeds." (Pomeroy's Eq. Juris. [2d Ed.] sec. 1051.)

The court having found that in the sale of said stock to plaintiff the company was guilty of such fraud as to entitle plaintiff to a cancellation of the transaction and the return of the money, with interest, that he paid the company for such stock, and the findings of the trial

court being amply supported by the weight of the evidence, and the company having admitted that the money received from plaintiff for said stock was used in part payment of the purchase price of the land, upon which the court adjudged the plaintiff to have a lien, and that the legal title to said land was still in the company, the court properly overruled said demurrer to the evidence, and did not err in entering the judgment rendered. *Overstreet et al. v. Citizens' Bank,* 12 Okla. 383, 72 Pac. 379; *Schock v. Fish,* 45 Okla. 12, 144 Pac. 584; *Wimberly et al. v. Winstock,* 46 Okla. 645, 149 Pac. 238.

In *Cook v. Warner,* 41 Okla. 781, 140 Pac. 424, it is held:

"A court of equity which has obtained jurisdiction of the controversy on any ground or for any purpose will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject-matter, and to avoid multiplicity of suits."

There being no prejudicial error, this case should be affirmed.

By the Court: It is so ordered.