## MOORE et al. v. STANTON (LANGDON et al., Interveners).

No. 7938—Opinion Filed Dec. 23, 1919.

(Syllabus by the Court.)

1. **Jury—Right to Jury Trial—Action on Note—Cross-Complaint—Equity.**

Where, in an action on a promissory note and to foreclose a mortgage executed to

secure payment of same, defendant admits execution of the note and mortgage and by cross-complaint sets up a defense involving the application of equitable doctrines, and seeks affirmative relief that only a court of equity can give, such defendant is not entitled to a jury trial.

**2. Action — Character — Determination — Pleading.**

The character of an action is to be determined by the nature of the issues made by the pleadings and the rights and remedies of the parties, and not alone by the form in which the action is brought or by the prayer for relief, which, in this respect, forms no material part of the pleadings.

**3. Property—"Thing in Action."**

"A thing in action," as defined by section 6739, Rev. Laws 1910, is a right to recover money or other personal property by judicial proceedings.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by M. G. Stanton against Lon L. Moore and another; Charles M. Langdon and others, interveners. Judgment for plaintiff, and defendants and interveners bring error. Affirmed.

John A. McClure and Alvin F. Pyeatt, for plaintiffs in error.

Blanton & Andrews, for defendant in error.

Albert Rennie, for interveners.

OWEN, C. J. This was an action on promissory notes and to foreclose a mortgage upon real estate, given to secure the payment of the notes. Defendants filed their answer, admitting the execution of the notes and mortgage and alleging, by way of cross-petition, that such notes were exectued as a part of the purchase price of the real estate described in the mortgage, but, for reasons mentioned in the cross-petition, the title conveyed by plaintiff was defective, and for that reason defendants prayed a rescission of the contract, cancellation of the deed from plaintiff to them, and a cancellation of the notes and mortgages sued upon, and demanded a trial of these issues by a jury. The trial court denied the motion for a trial by jury. The case was tried by the court, and judgment rendered in favor of plaintiff.

The principal question for determination is the action of the court in denying the trial by jury. Counsel contend that the action was for money judgment on the promissory notes and defendants were entitled to a jury trial under section 4993, Rev. Laws 1910, which provides that issues of fact, arising in an action for the recovery of money, shall be tried by a jury.

When defendants admitted the execution of the notes and mortgage, and by cross-petition set up a defense and presented issues involving the application of equitable doctrines and prayed a rescission of the contract and cancellation of the notes sued upon, affirmative relief that only a court of equity can give, the issues of fact to be tried did not arise concerning the execution or amount due on the notes. The execution of the notes having been admitted and no issues made as to the amount due, the money judgment was only incidental to the issues presented by defendants' cross-petition, following as a matter of course when the equitable issues were determined against defendants, and on these equitable issues presented by defendants' cross-petition the defendants were not entitled to a jury trial. This case is ruled by the case of Matthews v. Sniggs, 75 Oklahoma, 182 Pac, 703, where it was held:

"The character of an action is to be determined by the nature of the issues made by the pleadings and the rights and remedies of the parties, and not alone by the form in which the action is brought or by the prayer for relief, which, in this respect, forms no material part of the pleadings."

Under the statute of Ohio issues of fact arising in actions for recovery of real property must be tried before a jury; but in the case of Gill v. Pelkey, 54 Ohio St. 348, 43 N. E. 991, where the action was brought for the recovery of the possession of land, and the defendant by cross-petition set up an equitable cause of action against plaintiff constituting a cross-demand and praying for affirmative equitable relief, it was held that such defendant was not entitled to trial by jury. In the case of Fish v. Benson (Cal.) 12 Pac. 454, where the action was for ejectment, and the defendant by cross-petition set up a defense and presented issues involving application of equitable doctrines and sought relief obtainable only in a court of equity, it was held such defendant was not entitled to a trial by jury, although in an ordinary action for ejectment he would have been entitled to a jury trial under the statute.

Defendants alleged that the deed to plaintiff's grantors was not delivered during the lifetime of the original owner of the land, and contend that the court erred in permitting such grantors to testify concerning the delivery by their grantor, who had since departed this life. Counsel rely upon section 5049, Rev. Laws 1910, which provides:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person.

* * * nor shall the assignor of a thing in action be allowed to testify in behalf of such party concerning any transaction or communication had personally by such assignor with a deceased person in any such case."

The witnesses referred to were not parties to this action, nor were they assignors of "a thing in action." "A thing in action" is defined by section 6739, Rev. Laws 1910, as a right to recover money or other personal property by judicial proceedings.

The judgment of the lower court is affirmed.

PITCHFORD, JOHNSON, and HIGGINS, JJ., concur; BAILEY, J., concurs in the conclusion; KANE, J., dissents.