Note.—See under (1) 26 Cyc. pp. 1076, 1497, 1500; (2) 38 Cyc. p. 1612.

---

## COSTELLO et al. v. SIMS et al.

No. 15151—Opinion Filed Feb. 3, 1925.

**Appeal and Error—Discretion of Court as to Instructions—Equitable Actions—Province of Court and Jury.**

In equitable actions where a jury is selected to pass upon any issue of fact, its verdict is merely advisory and may be adopted or rejected by the court, since it is the duty of the court to consider all the evidence and to render judgment in conformity with equitable principles and the rights of the parties. For this reason it is a matter of judicial discretion as to what matters of fact germane to the issues shall be submitted to the jury, and error is not predicable upon an instruction given nor upon instructions refused in an equitable action.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by T. K. Sims to establish and foreclose a vendor's lien against certain real estate. Decree for plaintiff and defendant C. E. Costello, for himself and as trustee for J. H. Pruitt, A. Holmes, J. B. Boone, M. J. Burrow, Bud Helm and E. A. Sims, brings error. Affirmed.

It appears that on February 5, 1918, T. K. Sims sold to his son, C. F. Sims, 90 acres of land in Garvin county for a consideration of $2,000, $100 being paid in cash, $500 being evidenced by the assumption of a mortgage on the land, and the balance of $1,400 being evidenced by a note of that date. Thereafter, and on September 6, 1920, C. F. Sims and wife conveyed this 90 acres together with other lands to C. E. Costello, as trustee, by warranty deed. It appears that Costello held the title as trustee for himself and the other defendants above named, as evidenced by a declaration of trust executed August 25, 1922, and subsequent to the commencement of this action.

Defendants answered by a general denial, by admitting the execution of the deed from plaintiff to his son, and specially pleaded that they were innocent purchasers for value and without notice of the lien.

Trial was had October 12, 1923, resulting in a judgment by default against C. F. Sims for the amount of the note with interest and attorney's fees, and in a decree in favor of the plaintiff establishing and foreclosing his vendor's lien against the lands described in plaintiff's petition for the amount of the unpaid purchase price. After unsuccessful motion for new trial defendants have brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as plaintiff and defendants, respectively, as they appeared in the trial court.

Cicero I. Murray, for plaintiffs in error.

Blanton, Osborn & Curtis, for defendants in error.

Opinion by LOGSDON, C. In their brief defendants have presented and argued only two propositions, one involving an instruction given by the court and the other involving a requested instruction which was refused. These are assignments of error No. 15 and No. 11, respectively, and other assignments are expressly waived.

This was an action to foreclose a vendor's lien on certain real property described in plaintiff's petition. No money judgment was sought against any of the record owners of the land. Judgment by default was entered against plaintiff's debtor, who was a prior record owner, and the cause proceeded to trial upon the issue of the existence and validity of the lien claimed. The answer of the defendants, the owners of the land, consisted of a general denial, some admissions which are not material here, and a plea of innocent purchase for value and without notice of the lien. The case was therefore one of purely equitable cognizance. Gamel v. Hynds et al., 34 Okla. 388, 125 Pac. 1115; Id. 62 Okla. 204, 171 Pac. 920; Superior Oil & Gas Co. v. Mehlin, 25 Okla. 809, 108 Pac. 545, this court said:

"The relief granted in equity is such as the nature of the case, the law, and the facts demand, not at the beginning, but at the time the decree is entered in the litigation."

By the first proposition defendants call in question the correctness of the fifth paragraph of the court's instructions to the jury.

This is not available as a ground of error in this court in an equitable action. The verdict of the jury in equity cases being merely advisory, and it being the duty of the court to weigh the evidence and to adopt or reject the findings of the jury according to the equities of the case and the rights of the parties, error is not assignable upon the exercise of discretion by the court as to what question of fact germane to the issues shall be submitted to the jury. Prentice v. Freeman, 76 Okla. 260, 185 Pac. 87; Success Realty Co. v. Trowbridge, 50 Okla. 402, 150 Pac. 898; Hartzog v. Berry, 45 Okla. 277, 145 Pac. 328; Ky. Bank and Trust Co. v. Pritchett, 44 Okla. 87, 143 Pac. 338; Okla. Trust Co. v. Stein, 39 Okla. 756, 136 Pac. 746; Murray et al. v. Snowden, 25 Okla. 421, 106 Pac. 645.

Defendant's second proposition assigns error on the action, the trial court in refusing to give to the jury defendants' second requested instruction. For the reasons stated under the first proposition, and upon the authorities there cited, this exercise of judicial discretion by the trial court will not be controlled by this court.

In equitable actions the findings and decree of the trial court will be sustained unless against the clear weight of the evidence. It is the duty of parties complaining of the decree or of the findings on which it is based to show wherein error lies. The action of the trial court in the two particulars complained of not presenting errors of law, error will not be presumed in reference to other matters of which no complaint is made. Seaver v. Rulison, 29 Okla. 128, 116 Pac. 802; Primous v. Wertz, 65 Okla. 7, 162 Pac. 481.

No error of law prejudicial to the substantial rights of defendants being made to appear, and it not having been pointed out wherein the findings and decree are against the clear weight of the evidence in the case, the judgment of the trial court should be in all things affirmed.

By the Court: It is so ordered.

Note:—See under (1) 21 C. J. pp. 586, 594, 4 C. J. p. 660.