### PLANTERS TRADING CO. v. GOLDEN GROCERY CO. et al.

No. 19232. Opinion Filed Sept. 10, 1929.

Rehearing Denied Nov. 5, 1929.

G. H. Montgomery and John C. Head, for plaintiffs in error.

Allen & Allen and I. C. Sprague, for defendants in error.

JEFFREY, C. The Planters Trading Company, a corporation, instituted this suit on July 26, 1926, to recover on a promissory note. The note was made January 26, 1921, for the sum of $17,760.17, signed by the Golden Grocery Company, a copartnership, M. A. Pitts and O. S. Pitts, members of the partnership, and Ike Pitts and Emiline Pitts, and payable on demand. All of the makers of the note were named in the petition as defendants, but the suit was only prosecuted against Emiline Pitts. Emiline Pitts, who will hereinafter be referred to as defendant, filed an answer in which she admitted the execution of the note, but among other things pleaded that said note was wholly without consideration, and was fraudulently obtained and procured. The allegations of fraud and lack of consideration are that said defendant is a full-blood Choctaw Indian; that at said time she had on deposit with the Department of the Interior a large amount of restricted funds; that Ike Pitts, who was her husband and a white man, and plaintiff, through its agents and employees, in violation of the Acts of Congress, colluded together and conspired against the federal government in its guardianship and control over such funds, and in pursuance thereof represented to said defendant that if she would execute said note as surety, together with her husband, the Department of the Interior would approve of the same and pay the amount thereof to plaintiff, and plaintiff would in turn pay the money to defendant. Defendant further pleaded that she relied on such representations, was induced to and did sign said note upon the understanding and oral agreement that if the same was not approved of and paid by the Department of the Interior, said note would be returned to her and destroyed. She further pleaded that the note was never approved or paid by the Department of the Interior, and that plaintiff had failed and refused to return the note as agreed. This answer was met with a general denial by plaintiff. The cause was tried to a jury and a general verdict was returned in favor of defendant. Judgment was duly rendered thereon, and plaintiff has appealed.

Several statutory assignments of error are separately argued in the brief, but it is conceded that the appeal is controlled by two questions of law, if these questions be decided adversely to plaintiff's contention. The questions are: Was parol evidence in support of the allegations of failure of consideration and fraud in the procurement of the note admissible? And, if so, was the evidence sufficient to take the case to the jury and to sustain the verdict returned?

Defendant testified over the objections of plaintiff that she was induced to sign the note on the representations of the president of plaintiff corporation that said note would be presented to the Department of the Interior, where the amount thereof could be obtained and paid to defendant. She also testified that said party promised that if he was unable to get the money from the Department of the Interior, the note would be returned to her; that no money was ever obtained upon the note, and that she received no consideration whatever for the execution of the note. Plaintiff contends that the rule against admission of parol evidence to vary the terms of a written instrument renders this evidence inadmissible. But such is not the case. The answer properly pleaded both a want of consideration and fraud in the procurement of the note. Both defenses are valid as against the payee of the note, and extrinsic evidence, either written or parol, is admissible to establish either defense. The rule forbidding the introduction of inferior evidence to alter and vary the provisions or terms of a written instrument was adopted for the purpose of guarding against fraud and injustice by refusing to permit solemn fixed agreements to be overthrown by the uncertain words and memory of witnesses. The rule is a most salutary one, and yet, if applied to all cases, it will in many instances tend to promote the very thing it was intended to prevent. 3 R. C. L. 869, sec. 53. The real consideration or total lack of consideration for a bill or a note may be shown by evidence of a parol contemporaneous agreement where such a defense is admissible. Section 7698, C. O. S. 1921. And such a defense is admissible as between the original parties to the paper. 8 C. J. 1024. The same is true of the defense of fraud. Fraud in the procurement of a note is always a proper defense, and any evidence otherwise competent may be admitted, although it be parol and directly contradictory of certain provisions of the written instrument. Bank of Commerce v. Webster et al.. 70 Okla. 68, 172 Pac. 943; Rice v. Rice, 101 Kan. 20, 165 Pac. 799.

The trial court, in overruling a motion to strike from defendant's answer the plea of fraud and want of consideration, stated that

that part of the answer was merely a plea of failure of consideration. Counsel contend that this remark amounted to striking out the plea of fraud; and that the court thereafter permitted defendant to abandon the defense of failure of consideration, and offer evidence of fraud. The court's comment did not have the effect claimed. Neither did defendant abandon her defense of failure of consideration. The two defenses are so related in the case that one depends for support on facts which tend to establish the other.

On the question of the sufficiency of the evidence, defendant testified that she was a full-blood Choctaw Indian; that she only went to school about one and one-half years; that she could not read or write except to sign her name; that she was married to the defendant Ike Pitts about two weeks before the note was signed; that they only lived together about two weeks after the signing of the note; that no other reason was given her for the making of the note except to secure her restricted funds; that the president of plaintiff corporation told her that, if she would sign the note, he would secure its payment from the Department of the Interior and give her the money, or else return the note, and this was the reason that she signed the note. On the other hand, plaintiff and all other defendants testified that the note was given to secure a pre-existing debt owed by the Golden Grocery Company, composed of M. A. Pitts and O. S. Pitts, partners, to plaintiff company. If plaintiff intended to hold the note against defendant as an obligation when it procured it, this, taken in connection with defendant's testimony, certainly tends to prove fraud in the procurement of the note. This evidence was not only sufficient to convince the jury that the signature of defendant was procured by fraudulent representations and that she received no consideration for signing the note, but is amply sufficient as a matter of law to support the verdict rendered. The judgment of the trial court is affirmed.

BENNETT, HERR, DIFFENDAFFER, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 43 L. R. A. 449; 3 R. C. L. p. 869. See "Bills and Notes," 8 C. J. §1018, p. 744, n. 36; §1045, p. 780, n. 34; §1361, p. 1052, n. 50. "Evidence," 22 C. J. §1555, p. 1160, n. 60; §1623, p. 1217, n. 75.