**DEAN v. McMICHAEL.**

No. 22140.    June 5, 1934.

Rehearing Denied June 30, 1934.

C. E. Baldwin, for plaintiff in error.

Eugene B. Smith, for defendant in error.

BAYLESS, J. On March 1, 1930, E. C. McMichael, as plaintiff, commenced an action in the district court of Creek county to foreclose a real estate mortgage given by L. B. Norris and Daisy S. Norris on the northeast quarter of section 16, twp. 16 N., R. 11 E., Creek county, Okla., given to secure a note for $1,000 executed by L. B. Norris et ux. to the said E. C. McMichael for professional services.

L. B. Norris, Daisy S. Norris, and Maude Russell Dean were made defendants in the court below. The defendants L. B. Norris and Daisy S. Norris filed no pleadings, offered no excuse for failure so to do, and made no defense whatsoever in the trial court. The defendant Maude Russell Dean filed an answer wherein she claimed to be the then owner of the interest formerly held by L. B. Norris in the above-described land, admitted the execution of the note and mortgage sued upon, and without denying any of the allegations of plaintiff's petition, attempted to question the validity of the plaintiff's mortgage and the amount due thereunder; this defense being predicated upon a collateral contract entered into between the said E. C. McMichael and L. B. Norris et ux. A reply, by way of general denial, was filed by the plaintiff. The matter coming on for trial after opening statement by counsel for plaintiff and appearing defendant, Maude Russell Dean, counsel for such defendant stated that while he realized under the circumstances that the cause was equitable in its nature, if a jury was in attendance he would desire to have the questions of fact presented to such jury for determination, and was advised by the court that there was no jury in attendance and that a request for jury trial would be denied, to which he took exceptions. The matter was then tried to the court, and upon the conclusion thereof the court found the issues generally in favor of the plaintiff and against the defendants and each of them. Judgment was thereupon rendered in favor of plaintiff on the note, and a further judgment was rendered by the court foreclosing the mortgage on the land described therein. There was no personal judgment against defendant Maude Russell Dean.

The defendant Maude Russell Dean alone appeals to this court, and she will hereafter be referred to as the plaintiff in error and the said E. C. McMichael as the defendant in error.

The plaintiff in error makes four assignments of error and presents and discusses them under two general propositions; the first and fourth assignments being considered together under the general proposition that the court below committed error in refusing to give the plaintiff in error a trial by jury, and the second and third assignments of error are discussed under the general proposition that the evidence was insufficient to justify the judgment of the trial court. We will discuss these propositions in this order.

The evidence in this case discloses that after the execution of the note and mortgage in question by L. B. Norris and wife, the said L. B. Norris was decreed to be the owner of only one-third interest in the 160 acres of land described in said mortgage, and that he thereafter conveyed this interest to the defendant Maude Russell Dean, subject to the mortgage in question and also two other mortgages. The record further shows that the plaintiff in error afterwards paid $50 as interest on this mortgage and never questioned the mortgage

or the amount thereof until this suit was instituted.

Plaintiff in error urges that she was entitled to a jury trial on the question of the amount due on the note and the mortgage securing the same and to litigate the collateral contract made with reference thereto between the defendant in error and L. B. Norris et ux., and in support of this contention cites Choctaw Lmbr. Co. v. Waldock, 78 Okla. 232, 190 P. 866, and numerous decisions of this court to the same effect. But, as we view it, these decisions have no application in the present instance, as the makers of the note and mortgage were not contesting these instruments or the amount due thereunder, and the plaintiff in error, herself, admitted their execution and had recognized the obligation by paying some of the interest thereon. Under these circumstances, we are of the opinion that the rule which we laid down in U. S. Bond & Mortgage Co. v. Keahey, 53 Okla. 176, 155 P. 557, L. R. A. 1917C, 829, is applicable, wherein we said:

"Where one purchases land subject to a mortgage thereon, the land conveyed is effectually charged with the incumbrance to the same effect as if the purchaser had expressly assumed the payment of the debt, or had himself made a mortgage on the land to secure it; and under such circumstances the purchaser will not be permitted to question the validity of the mortgage on the ground that it was void as to his grantor."

See, also, Beckett v. Harris, 115 Okla. 219, 242 P. 561.

As we said in Moore et al. v. Stanton (Langdon et al., Interveners), 77 Okla. 41, 186 P. 466:

"Where, in an action on a promissory note and to foreclose a mortgage executed to secure payment of same, defendant admits execution of the note and mortgage and by cross-complaint sets up a defense involving the application of equitable doctrines, and seeks affirmative relief that only a court of equity can give, such defendant is not entitled to a jury trial.

"The character of an action is to be determined by the nature of the issues made by the pleadings and the rights and remedies of the parties, and not alone by the form in which the action is brought or by the prayer for relief, which, in this respect, forms no material part of the pleadings."

See, also, Mathews v. Sniggs, 75 Okla. 108, 182 P. 703.

Under the pleadings and the evidence in this case, plaintiff in error was not entitled as a matter of right to a jury trial, and the district court of Creek county committed no error in so holding. See Sierzek v. Smith, 86 Okla. 79, 206 P. 611.

The remaining contention of plaintiff in error is presented under the general proposition that the evidence was insufficient to sustain the judgment of the trial court. This being an equity case, we will examine the record and weigh the evidence. We have carefully done this, and find that there is no basis in fact to support this contention, but that, on the contrary, the evidence amply supports the judgment of the trial court, and that court rendered the only judgment possible under the evidence before it and the law applicable thereto.

As we said in Foster v. Meyers, 150 Okla. 219, 1 P. (2d) 373:

"In an equity case, the findings of fact and the judgment of the trial court based thereon will not be disturbed by this court unless they are against the clear weight of the evidence."

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur.