## CHILES et al. v. DE LANA et al.

No. 28304.  April 9, 1940.

Rehearing Denied April 30, 1940.

Application for Leave to File Second Petition for Rehearing Denied June 11, 1940.

*103  P.  2d  63.*

Melton, McElroy & Vaughn, of Chickasha, for plaintiffs in error.

Melone & Melone, of El Reno, Paul F. Showalter, of Oklahoma City, and D. M. Cavaness, of Chickasha, for defendants in error.

OSBORN, J.  This action was instituted in the district court of Canadian county by L. C. De Lana, hereinafter referred to as plaintiff, against Garett G. Chiles, Ada M. Chiles, Ida McNally, James W. Chiles, Iona S. Hale, G. A. Hale, Mary K. McDonald, Ben McDonald, John A. Chiles, and Rose E. Chiles, hereinafter referred to as defendants, wherein plaintiff sought to foreclose two real estate mortgages. Defendants' answer challenged the validity of the mortgage involved in plaintiff's second cause of action. The issues of fact relating to the validity of the mortgage were submitted to a jury. The verdict was in favor of plaintiff. The trial court treated the action as one in equity, and the verdict of the jury as advisory only, but approved the findings and entered judgment in favor of plaintiff, from which defendants have appealed.

The principal argument for reversal is predicated upon alleged error in instructing the jury. Plaintiff contends that since the action is one of equitable cognizance and the verdict is advisory only, instructions to the jury furnish no grounds of error upon appeal. We must, therefore, proceed to determine the nature of this controversy.

The note and mortgage sued upon in the second cause of action were executed by defendants, Garett Chiles, his wife, Ada M. Chiles, and Rachel F. Chiles, now deceased, on December 17, 1930, and filed

for record on January 16, 1931. The note and mortgage were renewals of an existing note and mortgage upon the same property executed by the same parties. On February 3, 1931, Rachel F. Chiles died, and on February 4, 1931, a deed purporting to have been executed by her on November 2, 1911, conveying the real property involved herein to her children, defendants herein, Garett Chiles, Ida McNally, James W. Chiles, Iona S. Hale, Mary K. McDonald, and John A. Chiles, was filed for record with the county clerk of Canadian county.

Defendants alleged that Rachel F. Chiles was mentally incompetent at the time the mortgage was executed, and further alleged that plaintiff, or her agent who handled the transaction, had actual knowledge that Rachel F. Chiles had conveyed all of her interest in the mortgaged property to the above-named defendants by said unrecorded deed, and that therefore the mortgage was void as to said defendants. Said defendants prayed that said mortgage be canceled and set aside as a cloud upon their title.

In the case of Philbrick v. Puritan Corporation, 178 Okla. 489, 63 P. 2d 40, it was said:

"Where, in an action on a promissory note and to foreclose a mortgage executed to secure payment of same, defendant admits execution of the note and mortgage, and by cross-complaint sets up a defense involving the application of equitable doctrines, and seeks relief that only a court of equity can give, such defendant is not entitled to a jury trial."

See, also, Dean v. McMichael, 168 Okla. 536, 33 P. 2d 1086; Moore v. Stanton, 77 Okla. 41, 186 P. 466; Derry v. State, 109 Okla. 244, 235 P. 158; Echols v. Reeburgh, 62 Okla. 67, 161 P. 1065; Maas v. Dunmyer, 21 Okla. 434, 96 P. 591; Hartsog v. Berry, 45 Okla. 277, 145 P. 328.

A portion of the argument of defendants is predicated upon the provisions of section 350, O. S. 1931, 12 Okla. Stat. Ann. § 556, which provide for a jury trial in actions for recovery of "specific real or personal property."

"An action for the 'recovery of real property,' within the meaning of the statutes governing and controlling actions therefor, embrace the same elements as the common-law action of ejectment, and is another name for such an action. In order to entitle the plaintiffs to recovery in the common-law action of ejectment, they must allege and show legal or equitable title in themselves, and the right of possession as against the defendants. Jennings v. Brown, 20 Okla. 294, 94 P. 557. This character of action, to wit, for the 'recovery of specific real property,' as referred to in the statutes, is ejectment actions as designated at common law, and does not lie except in cases where the plaintiff alleges a state of facts showing the legal or equitable title, and the right to possession, the judgment based on which the executive officer could deliver possession on execution.

"* * * The statute does not give as a matter of right a jury trial in every action in which a determination of an adverse right or interest in real property may be involved. The statutes taken together seem clear to give this right only when the action, as pleaded by the plaintiff, is for the recovery of the real estate in the sense in which ejectment is maintainable at common law. See note 1 9 R.C.L. p. 830, and cases there cited.

"* * * Where the law feature, the possession, follows merely as an incident to the determination of the equitable issue on which it rests, it is not one for the recovery of specific real estate. New v. Smith, 86 Kan. 1, 119 P. 380." Warner v. Coleman, 107 Okla. 292, 231 P. 1053.

Under the pleadings and evidence in this case, the right of possession is only incidentally involved. Section 350, supra, has no application.

There is no dispute as to the default in the terms of the note and mortgage as alleged in the petition, nor as to the amount due plaintiff. The issues raised by the above-mentioned grantees are purely equitable in their nature. In the case of Mid-Continent Life Ins. Co. v. Sharrock, 162 Okla. 127, 20 P. 2d 154, it was held:

"In a case of equitable cognizance, while the judge may call a jury or con-

sent to one, for the purpose of advising him upon the questions of fact, he may adopt or reject its conclusions, as he sees fit, and the whole matter must be left to him to determine and instructions to the jury furnish no grounds of error on appeal. It is not only the right, but the duty of the court, to determine all questions of fact as well as of law."

In the light of the above-quoted authorities, we conclude that defendants were not entitled to a jury trial; therefore, the verdict of the jury in this case is purely advisory and instructions to the jury furnish no ground of error on appeal.

We have examined the evidence herein and find that the judgment of the trial court is not against the clear weight thereof.

Through other counsel than attorneys of record for plaintiffs in error, Ada M. Chiles, as administratrix of the estate of Garett G. Chiles, deceased, has filed a motion and supplemental motion to vacate the order of revivor entered by this court in the above cause reviving said cause in her name as such administratrix, claiming and alleging that attorneys of record for plaintiffs in error herein were not authorized to consent to such revivor. Said attorneys have filed response claiming such authority. Said attorneys represented Ada M. Chiles individually in the trial court, and judgment being rendered against her individually, as well as against Garett G. Chiles during his lifetime, Ada M. Chiles, individually, joined in the prosecution of an appeal from said judgment. We are of the opinion that the motion and supplemental motion to vacate the order of revivor should be, and the same is hereby, denied.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, CORN, HURST, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., and GIBSON, J., absent.