FRANK HARBER BUICK, Inc., a Corporation, Plaintiff in Error,

v.

W. B. MILLER, Defendant in Error.

No. 37918.

Supreme Court of Oklahoma.

July 8, 1958.

Rehearing Denied July 30, 1958.

Frank Seay, Seminole, for plaintiff in error.

Marion R. Wells, Seminole, for defendant in error.

JACKSON, Justice.

This is an action in replevin wherein plaintiff, Frank Harber Buick, Inc., seeks possession of a 1952 Buick automobile owned by defendant, W. B. Miller.

Defendant alleged that the mortgage under which plaintiff claims the right to possession was obtained by fraud and without consideration.

The trial court overruled plaintiff's motion for a directed verdict and submitted the cause to the jury. The jury returned a verdict in favor of defendant, and the plaintiff appeals.

Plaintiff contends that the trial court should have sustained its motion for a directed verdict, since there was no evidence reasonably tending to support either of the affirmative defenses pleaded. We do not agree.

In 1949, defendant purchased a 1950 Buick from plaintiff, and executed a note and mortgage for the unpaid balance of the purchase price.

In 1952, while there was still a balance owing on said note and mortgage, defendant purchased from plaintiff the 1952 Buick involved herein, trading his 1950 Buick for a part of the purchase price. Defendant testified that plaintiff agreed to "trade for $1800.00 and your old car".

The evidence does not disclose any specific agreement as to what, if anything, was to be done about the balance owing on the first note and mortgage. Plaintiff's evidence established such balance as $1,082.43. Defendant admitted that there was a balance owing prior to the time of the second trade, and did not deny that this was the correct amount owing at that time.

When the last transaction was closed defendant signed two notes and two mortgages. According to defendant's testimony these instruments were blank, except for the printed provisions. After testifying that plaintiff agreed to trade for $1,800 and the old car the defendant further testified that he "figured" these papers would be filled in for a total of only $1,800, and that he would not have made the trade had he known otherwise. The papers were filled in for a total of $3,095.25.

One note was filled in for $1,800, payable over a period of three years. This note has been paid. The other was a demand note for $1,295.25, and was secured by the mortgage involved herein. The excess of the demand note, over and above the $1,082.43 balance owing by reason of the earlier transaction in 1950, allegedly represents amounts paid by plaintiff for insurance premiums and other charges not included in the $1,800 note.

For the purposes of determining whether there was sufficient evidence to go to the jury, we must assume the truth of defendant's testimony. If, as testified by the defendant, the parties agreed that defendant would trade his old Buick and $1,800 for the new Buick, the question is presented of whether the parties intended to place a value on defendant's equity only, or whether the value of the 1950 Buick was figured on the basis of it being free and clear. The question of intent was a question of fact to be determined by the jury.

If it was the intention, and therefore the agreement, of the parties, that the defendant should only owe plaintiff a total of $1,800 after the transaction was completed, and plaintiff filled in the blank notes for $1,295.25, in excess of that amount, the note evidencing such excess and the mortgage securing the same were voidable for lack of consideration. Since there was some competent evidence from which the jury might conclude that there was no consideration for the execution of the $1,295.25 note and mortgage, the trial court properly overruled plaintiff's motion for a directed verdict.

**718**

Plaintiff also complains of an instruction wherein the trial court instructed the jury that a preponderance of the evidence would sustain defendant's burden of proof on the issue of fraud. Plaintiff contends that the failure to instruct that proof of fraud must be clear, strong, and convincing was reversible error. In this connection we observe that plaintiff did not except to the instructions given, nor did it request any instructions. However, we need not pass on this question for the reason that under the facts in this case, the jury could not have found the plaintiff guilty of fraud without first finding lack of consideration. According to defendant's testimony, there was no discussion as to the amounts that would be inserted in the notes and mortgage. Therefore, if plaintiff merely inserted amounts actually owing, this could not possibly constitute fraud under the facts in this case.

The only fraud charged was that plaintiff fraudulently obtained defendant's note and mortgage for an alleged debt which was non-existent. Lack of consideration was an essential element of the fraud charged, and was a complete defense in itself. Therefore, plaintiff could not have been prejudiced by any alleged deficiency in the instructions as to the proof required to establish fraud. In Holmes v. Ellis, 99 Okl. 27, 225 P. 538, it is held in the fourth paragraph of the syllabus:

"Where certain instructions complained of could not have operated to the prejudice of the complaining party, although under some given facts it would have been prejudicial, a reversal does not follow."

Affirmed.

WELCH, C. J., and DAVISON, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.

CORN, V. C. J., and HALLEY, J., dissent.