C. D. STOUT and Arthur Stout, co-partners dba C. D. Stout, Plaintiffs in Error,

v.

CARGILL, INC., a corporation, Defendant in Error.

No. 38832.

Supreme Court of Oklahoma.

Sept. 21, 1960.

Wilson, Wilson & Massad, Frederick, for plaintiffs in error.

Roe & Roe; by Harrison Roe, Frederick, for defendant in error.

BERRY, Justice.

In this action defendant in error, Cargill, Inc., a corporation, hereafter referred to as "plaintiff", seeks to recover from plaintiffs in error, C. D. Stout and Arthur Stout, co-partners, hereafter referred to as "defendants", the sum of $902.33, together with interest, as the value of 36,830 pounds of maize which defendants undertook to transport by truck from a point in Texas to a point in California.

Plaintiff buys grain throughout the United States. Defendants transport grain and other commodities by truck. In August, 1957, plaintiff purchased milo from an elevator at Sunnyside, Texas. Plaintiff subsequently engaged defendants to transport 74,110 pounds of the milo so purchased to California.

In transporting the milo defendants used two trucks. One of the trucks was loaded with 36,830 pounds and the other with 37,280 pounds. Plaintiff sold the milo to Roy M. Day of Turlock, California. It is agreed that the 37,280-pound shipment was delivered to Day, and this shipment is not in controversy. Plaintiff contends that the 36,830-pound shipment was not delivered. Defendants contend that it was.

The case was tried to a jury which returned a verdict in plaintiff's favor. Judgment was subsequently entered on the verdict in the amount of $902.33, together with interest. From order denying their motion for new trial, defendants perfected this appeal.

Defendants contend that the evidence fails to show that they did not deliver the shipment in controversy to Day and assert that the trial court therefore erred in overruling their motion for a directed verdict which was interposed at the conclusion of the trial. Defendants also contend that the trial court erred in excluding from evidence the hereafter-referred-to letter, and in giving a certain instruction to the jury. We will consider defendants' contentions in the order stated.

We are of the opinion that there is competent evidence showing that defendants breached their contract to transport and deliver the shipment in controversy.

One of the plaintiff's employees testified that only one of the two shipments was unloaded at Day's; that Day only paid for one shipment; that an effort was made to trace the 36,830-pound shipment and that "no one has ever run across any trace of the load." Another of plaintiff's employees testified to the same general effect.

One of the defendants, Arthur Stout, testified that he investigated plaintiff's claim and that in the course of the investigation conferred at length with Day. It is apparent from Stout's testimony that (1) he knew that plaintiff and Day contended that Day only received one of the shipments; that (2) Stout was of the opinion that he had discovered and made available to Day documentary proof sufficient to satisfy Day that he had in fact received both shipments; that (3) Stout undertook to settle with Day relative to the 36,830-pound shipment and that Day declined to pay solely on the

grounds that he had not received said shipment.

The evidence shows that it was customary for the truck driver to take a receipt from the person to whom a shipment was delivered and to transmit the receipt to the seller. Such a receipt was never transmitted to plaintiff.

The defendants introduced competent evidence in support of their defense that both shipments were delivered to Day, which evidence consisted of testimony on the part of each truck driver that he delivered the shipment that he transported.

■■ The jury chose to believe evidence which tended to sustain plaintiff's contention, and since there is competent evidence sustaining plaintiff's contention that the 36,830-pound shipment was not delivered, the verdict of the jury and judgment thereon must stand. In Frank Harber Buick, Inc. v. Miller, Okl., 328 P.2d 716, this was said in the second paragraph of the syllabus:

> "The jury are the triers of the facts and the sole and exclusive judges of the evidence and the credibility of the witnesses, and, where there is evidence tending to support the findings of the jury, same will not be disturbed on appeal."

■ Defendants offered in evidence a letter under date of July 5, 1958, which was addressed to defendants' attorneys. The letterhead reads in part "Roy M. Day * * * Turlock, California." It was signed "Roy M. Day By James Day." The pertinent portions of the letter are that (1) Day only received one of the two shipments; that (2) the shipment received was the 36,830-pound shipment. Plaintiff objected to the introduction of the letter in evidence, which objection was sustained.

As a general rule the letter was not admissible in evidence (20 Am.Jur., "Evidence", sec. 958, p. 807) and defendants do not contend to the contrary. The defendants, however, point to a letter attached to plaintiff's petition, which is under date of January 26, 1958. The letter was addressed to plaintiff. In this letter Day stated in substance that only one of the shipments was delivered to him. The letterhead and signature on said letter are identical to the letterhead and signature on the July 5, 1958 letter. Defendants assert that since the jury was permitted to consider the January 26, 1958 letter which tends to sustain plaintiff's contention that delivery of one of the shipments was not made, that the jury should have been permitted to consider the letter of July 5, 1958 which tends to show that Day acknowledged receipt of the 36,-830-pound shipment.

The January 26, 1958 letter was not referred to in the petition and was not offered in evidence. In fact, it is not shown that the attention of the jurors was ever directed to the letter. Accordingly, the defendants have wholly failed to sustain their position that the record shows an exception to the general rule that letters of third persons are not admissible in evidence.

■■ Defendants contend that the trial court erred in giving this instruction:

> **"(2)**
>
> "Now, therefore bearing in mind these instructions, if you find and believe from a preponderance of the evidence that the defendants have failed to deliver or furnish proof of delivery of the truck load of milo of the value of $902.33, in accordance with the terms of the contract entered into by and between the plaintiff and the defendants herein then your verdict should be for the plaintiff for $902.33 together with six percent interest from September 1, 1957 until paid."

Defendants failed to object to the complained-of instruction. They assert the broad general rule however "that it is the duty of the trial court, upon its own motion to properly instruct upon the issues made by the pleadings and evidence introduced at the trial of the cause, and a failure to do so constituted fundamental error * * *". We are unable to agree. Under the existent

facts of this case, that rule is not applicable.

It is evident that the instruction is subject to being construed favorably to defendants. The instruction is subject to being construed thus: If the jurors found that defendants delivered the shipment or that they furnished proof reasonably tending to establish delivery (although delivery may not have been made), the verdict should be for the defendants.

The fact that the instruction is not entirely clear does not lead us to the conclusion that giving same constituted fundamental error. In its petition, plaintiff alleged that defendants "failed to furnish receipt for delivery of the other (the 36,830-pound shipment) load of milo of the value of $902.33, or to deliver said load or pay and/or account therefor." In the instruction relative to the pleadings, the quoted portion of the petition was stated. The jury was instructed that "the burden is upon the plaintiff to prove all of the allegations of the petition by a fair preponderance of the evidence before it can recover in this action." The jury was, therefore, instructed that it was incumbent upon plaintiff to prove by a fair preponderance of the evidence that the 36,830-pound shipment was not delivered. The rule governing in the instant case is stated in the fourth paragraph of the syllabus to City of Holdenville v. Moore et al., Okl., 293 P.2d 363, 364, 59 A.L.R.2d 276, thus:

> "Instructions must be considered as a whole and construed together, and while a single instruction standing alone may be subject to some criticism, yet, when the instructions, taken together in their entirety, fairly submit the issues to the jury, the judgment of the trial court on the verdict of the jury will not be disturbed."

Affirmed.

WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD and IRWIN, JJ., concur.

JACKSON, J., concurs in result.