BARNES–MANLEY WET WASH LAUN-
DRY COMPANY, a corporation,
Plaintiff in Error,

v.

Julia C. WENTS, Defendant in Error.

No. 40830.

Supreme Court of Oklahoma.

Feb. 15, 1966.

Rheam & Noss, Tulsa, for plaintiff in error.

Doerner, Stuart, Moreland & Saunders, and William P. Huckin, Jr., Tulsa, for defendant in error.

PER CURIAM.

The parties will be referred to as in the trial court. Plaintiff, Julia C. Wents, brought this action against the defendant, Barnes-Manley Wet Wash Laundry Company, hereinafter called defendant, for damages to her fur stole and fur coat as a result of defendant's alleged improper handling and cleaning of these items. Defendant's defense, as stated in his answer, was a denial of negligence, and a denial that any damages had occurred, and also unavoidable casualty. At the close of the trial the jury returned a verdict in the sum of $4,800.00, in favor of the plain-

tiff, from which verdict and judgment the defendant appeals.

Defendant's appeal and grounds for reversal are (1) "There is no evidence of value to support the judgment. There is no proof of damages." In this connection, plaintiff testified that she bought the fur stole in 1952 and "with the taxes and all, it was nine hundred dollars and something"; and that she bought the coat in 1955 at a list or store marked price of $6,995.00 by trading in a "starlight coat" and paying a total of $2900.00 in money.

Plaintiff further testified that she sent the stole and coat to the defendant in 1958 for cleaning; that at the time she sent the coat it was just as good as the day when she bought it, and was gummy and dead looking and reddish when it was returned by the defendant. As to the stole she testified that it did not need a thing except the lining was a little soiled around the neck.

Mr. Gribin in testifying for the plaintiff described himself as a "furrier", and further testified that he had been in the business for thirty-eight years. He stated that he saw the coat and stole in 1958 after they had allegedly been cleaned by the defendant and that the coat in 1958, in an undamaged condition, would have been worth between "five and six thousand dollars and more", and that the stole in an undamaged condition in 1958 would have a value of anywhere between $850.00 and $1,150.00. Mr. Gribin further testified that at the time he saw the coat in 1958 its value, after cleaning, was "very, very little. As far as I was concerned practically nil. * * * Well, I thought the coat was ruined. * * * I thought the same thing on the stole."

The minimum value placed upon the coat and stole by Mr. Gribin in 1958, in an undamaged condition, was $5,850.00. The jury allowed $4,800.00 damages for the coat and stole and when this sum is subtracted from the established minimum value of $5,850.00 it is clear that the jury allowed at least $1050.00 as the value of the

coat after cleaning. The coat and stole were offered in evidence and were available for inspection by the jury.

Defendant contends that Mr. Gribin did not testify that the coat and stole had no market value, but only that they had no value to him as a dealer in new furs. We do not so understand his testimony. The questions and answers were as follows: "Can you tell me what the value of this coat was at that time? A. Very, very little. As far as I was concerned practically nil. Q. Why do you say that? A. Well, I thought the coat was ruined. Q. What about the stole? A. I thought the same thing on the stole."

We are of the view that there was sufficient evidence of value of the furs, both before and after they had been cleaned by the defendant, to support the verdict and judgment. Where there is evidence tending to support the findings of the jury the same will not be disturbed on appeal. Stout v. Cargill, Inc., Okl., 355 P.2d 1067; Young v. Darter, Okl., 363 P.2d 829.

The second ground for reversal proposed by defendant was to the effect that the Court erred in overruling the defendant's motion for mistrial after an unresponsive highly prejudicial comment by the plaintiff as she was testifying. We agree that it was improper for the plaintiff to refer to a former trial "which we won" as having nothing to do with the present proceedings, particularly since she had been successful with the former hearing. However, we are of the opinion that her statement did not have a prejudicial effect on the jury, particularly in view of the court's instruction in response thereto. The trial court apparently felt that the statement as made in the light of surrounding circumstances was not prejudicial to the extent of requiring a new trial.

"A trial court has broad discretion in conducting the trial of a cause, and unless it appears that his discretion has been

abused, the cause will not be reversed." Stephens v. Draper, Okl., 350 P.2d 506.

Affirmed.

The Court acknowledges the services of John W. Donley, who with the aid and counsel of Evertt M. Arney and Denver Meacham, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Jackson, V.C.J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.